UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CAPITOL BODY SHOP, INC., *et al.*,

              Plaintiffs,             **MDL Docket No. 2557**

    v.                         **Case No.: 6:14-CV-06000-GAP-TBS**

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, *et al.*,

              Defendants.

**DEFENDANT PROGRESSIVE'S PARTIAL OBJECTION TO
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Progressive Casualty Insurance Company and Progressive Gulf Insurance Company (collectively, "Progressive") respectfully objects to Magistrate Judge Thomas B. Smith's Report and Recommendations (Doc. 115) ("R&R") to the extent it allows two tortious interference claims to survive against Progressive. *See* R&R at 8-10.[1] Progressive requests that the Court otherwise adopt the R&R and dismiss Plaintiffs' Second Amended Complaint ("SAC") (Doc. 87) in its entirety, with prejudice.[2]

As the R&R correctly states, Plaintiffs are required to plead four elements in each claim for tortious interference: "(1) the acts were intentional and willful; (2) the acts were calculated to cause damage to the plaintiffs in their lawful business; (3) the acts were done with the unlawful purpose of causing damage and loss, without right or justifiable cause on the part of the defendant (which constitutes malice); and (4) actual damage and loss resulted." R&R at 6 (citing

---

[1] District Court reviews *de novo* any portion of a magistrate judge's disposition of a dispositive motion to which a party has properly objected. Fed. R. Civ. P. 72(b)(3); *Ekokotw v. Fed Express Corp.*, 408 F. App'x 331, 336 n.3 (11th Cir. 2011).
[2] The Court has already dismissed Plaintiffs' antitrust claims. *See* Opinion & Order, (Feb. 22, 2016), ECF No. 116.

*Biglane v. Under the Hill Corp.*, 949 So.2d 9, 16 (Miss. 2007)). Furthermore, "to prove its *prima facie* case of damages, 'the plaintiff must show (1) a loss, and (2) that defendant's conduct caused the loss.'" R&R at 6-7 (citing *MBF Corp. v. Century Bus. Commc'ns, Inc.*, 663 So.2d 595, 598 (Miss. 1995)). Importantly, Plaintiffs "must support these elements, including malice, with sufficient plausible factual allegations." R&R at 7 (citing *BC's Heating & Air & Sheet Metal Works, Inc. v. Vermeer Mfg. Co.*, No. 2:11-cv-136-KS-MTP, 2012 WL 642304, at *3 (S.D. Miss. Feb. 27, 2012)). As is set forth below, Progressive respectfully contends that the R&R incorrectly concluded that Plaintiffs' SAC satisfies its pleading burden as to these claims.[3]

### A. Plaintiffs do not state a claim against Progressive as to Customer Swatiben Desai.

Plaintiffs' allegations against Progressive as to customer Swatiben Desai are as follows:

> Swatiben Desai told Progressive she was taking her vehicle to Plaintiff AutoWorks Collision for repairs in early 2015. Progressive told Ms. Desai that AutoWorks would charge her more for repairs, that if she didn't go to their preferred shop, she would be liable for storage fees, that she would have to pay more for repairs if she went to her preferred shop, that if she went to their preferred shop, Progressive would guarantee the work but would not if she went to the shop of her choice. Ms. Desai capitulated to the pressure and took her vehicle to Progressive's preferred shop, Service King, in Jackson for an estimate, where Progressive persistently told her to leave the vehicle at Service King, "because you're already here, it makes more sense."
>
> Again, Ms. Desai capitulated to the pressure and left her vehicle with Service King. When it was returned to her, Ms. Desai immediately noticed several problems with the repairs and took the vehicle to AutoWorks, where she had stated to Progressive she wanted to go in the first place. After inspecting the vehicle, AutoWorks found unrepaired damage to the front end, the vehicle

---

[3] Plaintiffs style their most recent Complaint as "amended," but the law is clear that "allegations pronouncing new claims in an amended pleading will not relate back when based upon new facts and different transactions." *In re Chaus Secs. Litig.*, 801 F. Supp. 1257, 1264 (S.D.N.Y. 1992) (citing *Hooper v. Sachs*, 618 F. Supp. 963, 977 (D. Md. 1985), *aff'd*, 823 F.2d 547 (4th Cir. 1987), *cert. denied*, 484 U.S. 954 (1987)). Many of the allegations in the SAC, including those at issue here, are dated after the dismissal of the First Amended Complaint. Accordingly, the SAC does not relate back to the date of the filing of the Original Complaint.

2

>was out of alignment and pulled to the right, the engine cradle bolts were not properly replaced, welds were incomplete and without corrosion protection, the air conditioner condenser was not properly installed or recharged. Overall, the safety of the vehicle after Service King was compromised.
>
>Ms. Desai would have taken her vehicle to AutoWorks for the initial repairs but for the interference.

SAC ¶¶ 307-9.

Plaintiffs fail to state a claim for tortious interference against Progressive with respect to Desai. First, Progressive's alleged statements to Desai are not actionable because they are not false or unlawful. R&R at 10 (citing *Cenac v. Murry*, 609 So.2d 1257, 1271 (Miss. 1992)). For example, Plaintiffs do not allege that Progressive falsely stated that it would not guarantee the repairs performed by AutoWorks, nor do they allege that it was untrue or unlawful for Progressive to tell Desai that it "makes more sense" for her to leave her vehicle to be repaired at the shop where it is being estimated for repairs. These statements are entirely consistent with the law of Mississippi, which recognizes that insurance companies may properly maintain networks of "preferred" body shops and may recommend them to insureds. *See Mosley v. GEICO Ins. Co.*, No. 3:13CV161-LG-JCG, 2014 WL 7882149, at *11 (S.D. Miss. Dec. 16, 2014); *Christmon v. Allstate Ins. Co.*, 82 F. Supp. 2d 612, 615-16 (S.D. Miss. 2000). Indeed, Mississippi statutory law does not prohibit insurers from recommending shops to their customers as long as payment is not conditioned on the use of a particular shop – a circumstance not alleged here. Miss. Code. § 83-11-501.

Second, the statements Progressive allegedly made to Desai were not "calculated to cause damages to the plaintiffs" and, assuming they were actually made, could only result from "right or justifiable cause on the part of defendant." *Biglane*, 949 So.2d at 16. Indeed, Plaintiffs allege that Defendants, including Progressive, acted with the purpose of "substantially increasing their

3

own profits by steering customers away from Plaintiffs' business body shops." SAC ¶ 68; *see also id.* ¶ 321 (alleging that Defendants "steer[ed] business to [their] preferred shop[s] that would comply with fixed prices and parts procurement ceilings"). That purported "conduct[,] related to a legitimate, employment-related objective[,] constitutes justifiable acts, [and] cannot 'give rise to an inference of malice.'" *Progressive Cas. Ins. Co. v. All Care, Inc.*, 914 So.2d 214, 219-20 (Miss. Ct. App. 2005) (citing *Hopewell Enter., Inc. v. Trustmark Nat'l Bank*, 680 So.2d 812, 818-19 (Miss. 1996)). This is consistent with the principle that "aggressive marketing," even when "described as playing hardball," is "not illegal." *Hightower v. Aramark Corp.*, No. 1:10CV166-SA-DAS, 2012 WL 827113, at *6-7 (N.D. Miss. Mar. 9, 2012); *see also Vestal v. Oden*, 500 So.2d 954, 956 (Miss. 1986) (holding that a tortious interference claim cannot stand "if the interference was undertaken "by someone in the exercise of [a] legitimate interest or right, which constitutes 'privileged interference'") (citations omitted). Because any statements Progressive made to Desai were, as alleged by Plaintiffs, made with the intent of increasing Progressive's bottom line and not to cause harm to AutoWorks, this claim for tortious interference fails.

Third, Plaintiffs do not allege, as they must, that AutoWorks suffered actual damage and loss. In fact, Plaintiffs allege that Desai's vehicle was ultimately brought to AutoWorks for repairs. SAC ¶ 308. Plaintiffs' failure to allege that AutoWorks suffered any damages as to Desai's vehicle is fatal to this claim for tortious interference. Furthermore, the fact that Desai returned to AutoWorks for subsequent repairs undercuts Plaintiffs' theory that Progressive interfered with the relationship between the shop and the customer to the detriment of the shop.

For any of these three reasons, Plaintiffs' claim should be dismissed.

**B.     Plaintiffs do not state a claim against Progressive as to Customer Kerri Mitchell.**

Plaintiffs' allegations against Progressive as to customer Kerri Mitchell are as follows:

> Consumer Kerri Mitchell identified Plaintiff Walkers Collision as her chosen repair facility to Progressive in January, 2015. Progressive told her that if she took her car to a preferred shop, Progressive would guarantee the repairs for life. Progressive further told Ms. Mitchell that she was <u>required</u> to choose from one of three repair facilities, one in Louisiana, one in Gulfport (over an hour away) or one local. Ms. Mitchell did not wish to use any of those, she wished to use the local shop she had selected but, based upon Progressive's statements that she had to use one of the three shops they named, she felt she had no choice if she wanted her car fixed. Ms. Mitchell would have done business with Plaintiff Walkers but for Progressive's interference.

SAC ¶ 310.

Plaintiffs fail to state a claim for tortious interference against Progressive with respect to Mitchell because, just as with Desai, Progressive's alleged statements were not "calculated to cause damages to the plaintiffs" and, even if true, resulted from "right or justifiable cause on the part of defendant."[4]  R&R at 6; *see* Section A, *supra*.

In addition, Plaintiffs are conspicuously silent as to the issue of damages. They do not allege that Mitchell ever had her vehicle repaired by *any* shop, or that Walkers Collision suffered damage. If Mitchell ultimately did not have her vehicle repaired (for example, if it was declared a total loss or she chose not to repair, but to keep the settlement check), Walkers Collision could not have suffered any damages because it was not deprived of any business. Accordingly, this claim should be dismissed for failure to allege damages.

For either of these reasons, Plaintiffs' claim for tortious interference as to Mitchell should be dismissed.

---

[4] The R&R correctly finds that Mississippi Code § 83-11-501 does not provide for a private right of action. R&R at 16.

## CONCLUSION

For these reasons, Progressive respectfully requests that the Court adopt the R&R, except as to the two tortious interference claims discussed above, and dismiss Plaintiffs' Second Amended Complaint in its entirety, with prejudice.

Dated: March 2, 2016
New York, New York

**SUTHERLAND ASBILL & BRENNAN LLP**

By:  */s/* Michael R. Nelson
Michael R. Nelson (NY Bar No. 4097572)
Kymberly Kochis (NY Bar No. 4045530)
Francis X. Nolan, IV (NY Bar No. 984277)
The Grace Building, 40th Floor
1114 Avenue of the Americas
New York, New York 10036
Phone: (212) 389-5000
Facsimile: (212) 389-5099
michael.nelson@sutherland.com
kymberly.kochis@sutherland.com
frank.nolan@sutherland.com

Jeffrey S. Cashdan
Claire Carothers Oates
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Facsimile: (404) 472-5139
jcashdan@kslaw.com
coates@kslaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for all parties registered therewith on this 2nd day of March, 2016.

/s/ Michael R. Nelson