**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

---

CAPITOL BODY SHOP, INC., *et al.*,

                Plaintiffs,

v.

**Case No. 6:14-CV-06000-ORL-31TBS**

STATE FARM MUTUAL AUTO INSURANCE
COMPANY, *et al.*,

                Defendants.

---

**GEICO GENERAL INSURANCE COMPANY AND GEICO INDEMNITY COMPANY'S JOINDER IN PARTIAL OBJECTIONS TO REPORT AND RECOMMENDATION**

GEICO General Insurance Company and GEICO Indemnity Company ("GEICO") request that the Court adopt Magistrate Judge Smith's Report and Recommendation (Doc. 115) ("R&R") and dismiss Plaintiffs' Tortious Interference with Business Relations (County III), Quantum Meruit (Count IV), and Violation of Mississippi Code § 83-11-501 (Count V) claims against GEICO with prejudice. GEICO respectfully files this Joinder in the Partial Objections to the R&R filed by State Farm (Doc. 118) and Progressive (Doc. 117) because the Objections address legal issues that are subject to repetitive and ongoing disputes between body shops and GEICO.

Although the recommendations objected to by State Farm and Progressive are *dicta* with respect to GEICO, GEICO believes that the *dicta* misstates the law or could be interpreted as doing so, which could result in unwarranted future litigation. For the reasons stated in State Farm's and Progressive's Partial Objections, and those identified below, this Court should dismiss all of the tortious interference claims and not adopt the R&R's discussion of the claims for which it did not recommend dismissal (*i.e.*, two claims by Plaintiff Alexander's Body Shop against State Farm, one claim by Plaintiff AutoWorks Collision against Progressive, and one claim by Plaintiff Walkers Collision against Progressive). *See* R&R at 7-10, 24.[1]

Alexander's Body Shop alleged State Farm required two individuals to take their vehicles to a shop identified by State Farm for an inspection and estimate before those individuals could take the vehicles to a shop of their choice. *See* R&R at 7-8 (citing SAC ¶¶ 305-306). GEICO joins in the arguments made by State Farm as to why these allegations cannot form the basis of a tortious interference claim. *See* Doc. 118 at 2-8. As State Farm argues, it is not improper for an insurance carrier that is responsible to pay for repairs to a vehicle to insist that a body shop of the carrier's choice inspect the vehicle and prepare an estimate of the costs of repairs before the insured's or claimant's body shop of choice begins any work on the vehicle.

---

[1] GEICO also agrees with and joins State Farm's objection to the R&R's *dicta* regarding Paragraph 312 of the Second Amended Complaint ("SAC") and Mississippi Code § 83-11-501.

Mississippi Code § 83-11-501 in fact permits State Farm to do exactly what it is alleged to have done. The statute states, in relevant part, that:

> [T]he most an insurer shall be required to pay for the repair of the vehicle . . . is the lowest amount that such vehicle . . . could be properly and fairly repaired or replaced by a contractor or repair shop within a reasonable geographical or trade area of the insured.

Thus, an insurer has a statutory right to take a damaged vehicle to a repair shop the insurer knows and trusts to determine "the lowest amount that [the] vehicle . . . could be properly and fairly repaired" for before any other shop begins work on the vehicle. State Farm's alleged statutorily permitted conduct cannot form the basis of a tortious interference claim.

AutoWorks Collision alleged Progressive told a customer that AutoWorks would charge more than Progressive's preferred shop and, if she used AutoWorks, she would have to pay the excess costs. R&R at 8 (citing SAC ¶ 307-309). AutoWorks does not allege these statements were false – that the cost of repairs would have been equal or less than the cost at the Progressive preferred shop. *See id.* It just alleges the customer chose the Progressive preferred shop, presumably because she did not want to have to incur AutoWorks' additional charges, and the Progressive preferred shop performed an inadequate repair. *Id.*[2]

GEICO joins in the arguments made by Progressive as to why these allegations cannot form the basis of a tortious interference claim. *See* Doc. 117 at 2-4. In addition, GEICO notes that Mississippi Code § 83-11-501 permits an insurer to pass repair costs in excess of the "lowest amount" that a vehicle could be properly and fairly repaired for on to its insured if a shop such as AutoWorks refuses to repair the vehicle for the lowest amount.[3] All AutoWorks alleges is that Progressive told its customer that its preferred shop would charge a lower price for the repairs

---

[2] The First Amendment bars Mississippi from imposing either a common law or statutory duty that prohibits an insurer from telling a customer that one body shop charges more than another body shop charges. *See, e.g.*, *Virginia Pharm. Bd. v. Virginia Citizens Consumer Council, Inc.*, 425 U.S. 748, 761-62 (1976); *see also Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 342 (2010) (the First Amendment protects the rights of corporations). This Court does not have to reach the First Amendment issue because, as a matter of law, the tortious interference claims against Progressive and State Farm should be dismissed with prejudice on other grounds.

[3] *See also* http://www.mid.ms.gov/consumers/auto-liability-insurance.aspx (last visited Feb. 29, 2016) ("A policyholder may choose to have the repairs made at a repair facility that charges more than what the insurance company has agreed to pay. Insurance companies do not set repair facility hourly rates so there may be a difference between the two rates. In that instance, either the repair facility will agree to make the repairs for the amount in the insurance company's estimate or the policyholder will have to pay for the difference.").

than AutoWorks and that if she went to AutoWorks and it did charge more, she would have to pay the difference, as permitted by statute. Progressive's alleged conduct, which is permitted by statute, cannot form the basis of a tortious interference claim.

Walkers Collision alleged that Progressive told its customer that she had to use one of three shops identified by Progressive for her repairs. R&R at 9 (citing SAC ¶ 310). GEICO joins in the arguments made by Progressive as to why these allegations cannot form the basis of a tortious interference claim. *See* Doc. 117 at 5. To the extent that Walkers Collision alleges nothing more than a violation of Mississippi Code § 83-11-501's prohibition on requiring as a condition of payment of a claim that repairs be made by a particular shop in Paragraph 310, Walkers Collision should not be permitted to assert a § 83-11-501 simply by labeling it tortious interference with business relations. *See* R&R at 18-19 (correctly holding that § 83-11-501 does not contain a private right of action); R&R at 18 (holding that SAC ¶ 310 alleges a violation of the statute).

The Court also should refuse to adopt the R&R's conclusion that the SAC alleges that the Defendants acted maliciously and without justifiable cause because the SAC purportedly alleges that "Defendants would have paid the same amount for the repairs regardless of who performed them, so the only reasonable explanation for Defendants' actions was to punish Plaintiffs and cause them damage." *See* R&R at 9. The allegation relied upon by the R&R is implausible.

Plaintiffs SAC alleges that the purpose of Defendants' alleged steering is to "substantially increas[e] their own profits by steering customers away from Plaintiffs' business [sic] to body shops which comply with the Defendants' fixed prices." SAC ¶ 68. Plaintiffs specifically allege that the purpose of the generically alleged tortious interference is:

> to punish the specific Plaintiffs who complained about or refused to submit to the various oppressive and unilateral price ceilings the Defendants were enforcing upon them, and to direct potential customers of the Plaintiffs to other vendors who would comply with the maximum price ceilings unilaterally imposed by the Defendants.

SAC ¶ 493; *see also* SAC ¶ 298 (describing "'steering' as the term used to describe the practice of insurers of coercing or otherwise convincing a consumer to withhold patronage from a disfavored repair shop for failing to comply with fixed prices"); SAC ¶ 301 (alleging GEICO "internal documents" tie what the SAC incorrectly alleges is steering to "increased company profits and increased profit-sharing bonuses for employees"); SAC ¶ 321 (alleging the Defendants steer "to preferred shop [sic] that would comply with fixed prices and parts procurement ceilings"); *cf.* SAC ¶¶ 324-26, 494 (implausibly alleging that the Defendants do not have a financial interest in directing business away from body shops who consistently insist on overcharging or attempting to overcharge their customers).

The R&R's conclusion that "the only reasonable explanation [for steering] was to punish Plaintiffs and cause them damage" is contradicted by the SAC's direct allegation that the reason for the alleged steering is to save money by directing customers to shops that will agree to charge less for the same repairs and the Court should not adopt it. *See also* Doc. 117 at 3-4 (objecting to this language); Doc. 118 at 7 (same).

DATED this 2nd day of March, 2016.

                LEWIS ROCA ROTHGERBER CHRISTIE LLP

                By: */s/ Dan. W. Goldfine*
                    Dan W. Goldfine
                    Joshua Grabel
                    Jamie L. Halavais
                    Ian M. Fischer
                    201 E. Washington Street, Suite 1200
                    Phoenix, Arizona  85004
                    Telephone: 602-262-5392
                    Facsimile:  602-262-5747
                    Email: dgoldfine@lrrc.com
                            jgrabel@lrrc.com
                            jhalavais@lrrc.com
                            ifischer@lrrc.com

                    Attorneys for Defendants GEICO General Insurance Company and GEICO Indemnity Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of March, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

                                        */s/ Dan W. Goldfine*
                                        Dan W. Goldfine