UNITED STATES DISTRICT COURT
THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CAPITOL BODY SHOP, INC.,**                                                                  **PLAINTIFFS**

**VS.**                                                                  **Cause No.**  6:14-CV-6000-Orl-31TBS
                                                                                    Mississippi Action

**STATE FARM MUTUAL AUTOMOBILE
       INSURANCE COMPANY, ET AL**                                        **DEFENDANTS**

___

**PLAINTIFFS' OBJECTION TO MAGISTRATE'S REPORT AND
RECOMMENDATION**

___

Come now, Plaintiffs[1] in the above-captioned cause and submit this, their Objection to the Magistrate's Report and Recommendation and state to the Court the following:

The Report and Recommendation recommends dismissal of the state law causes of action on multiple grounds which violate applicable state law and the required pleading standards as set forth by the Supreme Court.  Each of these claims are addressed individually below.

**TORTIOUS INTERFERENCE**

The Report and Recommendation finds the Plaintiffs' claim for tortious interference must be dismissed on several grounds, with four exceptions.  These grounds, however, are contradicted by the facts asserted as well as applicable law.

___

[1] Plaintiff Capital Body Shop, Inc., has elected to withdraw from litigation.  Reference to "Plaintiffs" should be and is intended to be read as all remaining Plaintiffs, not including Capital Body Shop, Inc.

As a baseline matter, the Report finds the facts insufficient to establish tortious interference with the exception of four instances. Although the court has previously recognized that tortious interference does not require particularized pleading, the court continues to require it.

The complaint does not provide a specific example (customer name, insurer name, Plaintiff name and detailed description of manner of interference) for each and every Defendant relative to each and every Defendant. The Plaintiffs <u>are not</u> required to provide this form of particularized pleading. The Plaintiffs are permitted to make general allegations supported by sufficient supporting information. The Plaintiffs have done this. The facts of the complaint aver that each and every Defendant has interfered with the business prospects of each and every Plaintiff. The complaint provided specific details as to when that interference commenced (upon notification that a Plaintiff has been chosen as the repairer), the nature of the interference (providing false and slanderous statements to consumers about the quality and integrity of the Plaintiffs' work, providing misleading representations as to the consumer's ability to choose a repair shop, providing misleading information about warranties, and exerting economic coercion upon consumers), provided specific details of the content of the false, slanderous and misleading statement and the economic coercion placed upon consumers) and provided numerous specific examples of this interference, both successful and unsuccessful.

Having previously and repeatedly acknowledged they are not required to meeting the specificity pleading of Rule 9, the Report continues to rely upon the purported absence of specific detail to dismiss the claim. Furthermore, in pleadings in companion case, the plaintiffs did specifically name each and every defendant in connection with each and every factual allegation and

was chastised by the court and threatened with sanctions. This places the Plaintiffs in an intolerable and incurable position, with no way to plead.

The Plaintiffs are permitted to aver factual allegations based upon their personal knowledge and belief. The court is not free to disregard those facts, nor may it dismiss this claim because it chooses not to believe those facts. . "Rule 12(b)(6) does not countenance dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 327, (1989). See also, *Ashcroft v. Iqbal*, 556 U.S. 662, 696, (2009), *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 428 (4th Cir. 2015), as amended on reh'g in part (Oct. 29, 2015).

The Report further fails to apprehend the significance of the failed attempts to interfere. The reality is the Plaintiffs can only know of the Defendants' interference when a customer reports it to them. Only the Defendants have full knowledge of the extent and success of their interference. As that information is solely within the possession of the Defendants, the Court may not dismiss the claim for failing to provide specific facts. Not even complaints subject to the particularity pleading of Rule 9 may be dismissed on this ground under these circumstances. See, e.g., *Craftmatic Sec. Litigation v. Kraftsow*, 890 F.2d 628, 645 (3d Cir. 1989)(Courts "must be sensitive to the fact that application of Rule 9(b) prior to discovery may permit sophisticated defrauders to successfully conceal the details of their fraud.")

Plaintiffs must accompany their allegations with facts indicating why the charges against defendants are not baseless and why additional information lies exclusively within defendants' control. *Id.* at 646, *Hekker v. Ideon Grp., Inc.*, No. 95 681 CIV J 16, 1996 WL 578335, at *4 (M.D. Fla. Aug. 19, 1996).

That is precisely what Plaintiffs have done. The failed attempts to interfere are specific examples of which the Plaintiffs have been made aware; they support the allegation that Defendants are engaging in the actions described in the complaint; they show the charges against the Defendants are not baseless. While they will not accrue damages for the Plaintiffs, the failed attempts to interfere are just as important as the successful ones, the only difference between the two at the pleading stage is that Plaintiffs more often know the specifics of the failed attempts than they do the successful ones. The specifics of the successful ones are held within the possession and control of the Defendants.

With respect to the purported group pleading, as has been repeatedly asserted, the Eleventh Circuit permits plaintiffs to utilize the shorthand "the Defendants" when the complaint alleges each and every Defendant has engaged in the same activities. *Jackson v. Bank of Am., NA*, 578 F. App'x 856, 860 (11th Cir. 2014), *Crespo v. Coldwell Banker Mortgage*, 599 F. App'x 868, 872 (11th Cir. 2014), *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997). See also, *Carl's Furniture, Inc. v. APJL Consulting, LLC*, No. 15-60023-CIV, 2015 WL 1467726, at *5 (S.D. Fla. Mar. 30, 2015), *Sprint Sols., Inc. v. Cell Xchange, Inc*., No. 8:14-CV-00233-T-27, 2015 WL 1001272, at *2 (M.D. Fla. Mar. 6, 2015), *Sprint Solutions, Inc. v. Fils-Amie*, 44 F. Supp. 3d 1224, 1227 (S.D. Fla. 2014).

The practice only runs afoul of the applicable pleading standard where it results in a complaint that fails to give each defendant notice of the claims against it. *Sprint Solutions, Inc. v. Fils-Amie*, 44 F. Supp. 3d at 1227.

The Report does not find the complaint fails to give each defendant notice of the claims against them. Not even the Defendants argue they do not know what are the claims against them. The extensive discussion of the tortious interference claim by Defendants in their multiple motions

to dismiss shows they do have a complete understanding of the claims against them and when such is shown, the complaint may not be dismissed on this ground. *Toback v. GNC Holdings, Inc.*, No. 13-80526-CIV, 2013 WL 5206103, at *2 (S.D. Fla. Sept. 13, 2013).

The Report also deems the facts of the complaint conclusory. The Report does not identify any factual statements it deemed conclusory. Respectfully, whatever averments the Report found to be conclusory, Plaintiffs do not agree, though that disagreement is substantially hampered by the lack of identification of purportedly conclusory statements.

Admittedly, what constitutes a "conclusory" statement has been the subject of much confusion. Though this Court does not appear to have addressed the matter directly, other courts have done so.

Allegations of discrete factual events are not conclusory in the relevant sense. *Ocasio-Hernandez v. Fortuño-Burset*, 640 F.3d 1, 14 (1st Cir. 2011). The Second Circuit has noted, "Rule 8(a) 'contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented' and does not authorize a pleader's 'bare averment that he wants relief and is entitled to it.'" *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012).

Plaintiffs respectfully submit that with respect to the claim for tortious interference, the complaint does not include any conclusory statements. It provides specific details of the time, manner, method and content of the Defendants' interference and provides specific examples of interference, both successful and unsuccessful. With this abundance of facts, the Plaintiffs submit dismissal of this claim would be in error.

Finally, the Report errs by limiting the tortious interference claim to only four identified instances. The Report omits several other specific examples provided where a Plaintiff lost a customer through a Defendants' intentional interference:

Laura Johnson identified Plaintiff Lakeshore as the repair facility she had chosen to repair her vehicle to State Farm. Ms. Johnson had already scheduled an appointment with Lakeshore and arranged to drop off her vehicle. However, before the vehicle was actually delivered, State Farm called Ms. Johnson and told her she would have to take her vehicle to State Farm's preferred shop in the area, Advantage Collision. Ms. Johnson told State Farm her husband had work done previously by Lakeshore and he had been very pleased with the work. State Farm told Ms. Johnson if she went to Lakeshore, she would have to pay herself for charges State Farm "did not deem reasonable." Ms. Johnson capitulated to State Farm's insistence and did not go to Lakeshore for repairs.

Consumer Jamie Allen had taken her vehicle to Plaintiff Bolden Body Shop for repairs and reported the claim to Defendant Allstate. Allstate told Ms. Allen that if she took her vehicle to one of their preferred shops instead, Allstate could pay the shop directly and it would be faster. Allstate also told Ms. Allen she was <u>required</u> to take her vehicle to a preferred shop or drive-in facility for an estimate before taking her vehicle to Bolden for repairs. Allstate then told Ms. Allen it would arrange to have her vehicle taken away from Bolden and transported to a preferred shop for an estimate and repair.

Consumer Lara McFarland identified Plaintiff Hardin's Body Shop as the shop she wanted to perform repairs to her vehicle to State Farm. State Farm told her she would have to pay more if she went to Hardin's, that Hardin's was not on their preferred list, that if she went to Hardin's the

repairs would take longer but if she went to their preferred shop, State Farm could pay the preferred shop directly and the repairs would be faster. Also after identifying Hardin's, State Farm also suggested she would have to drive sixty miles away to get a rental car.

Mrs. Williams took her vehicle to Plaintiff Crystal Car Care for repairs and notified Defendant State Farm. State Farm contacted Mrs. Williams and told her they were going to take her vehicle out of Crystal Car Care and move it to a preferred body shop that would perform an estimate and if the vehicle was repairable, the preferred shop would perform the repairs.

It is unclear why the Report dismissed these specific instances of interference as merely conclusory allegations.

As the complaint made clear, the examples provided were merely that, examples. After being scolded and threatened with sanctions in a companion case for too much specificity and an overly long complaint, Plaintiffs attempted to walk a balanced line in how many examples to provide in this complaint.

In the end, the Court has placed the Plaintiffs in an untenable position with no adequate manner in which to plead. Specific examples of interference were disregarded as merely conclusory and averments of fact were disregarded as not specific enough. Given the history of conflicting directions, Plaintiffs respectfully request the Court refrain from dismissing the tortious interference claim and provide clear direction on how it wants this cause of action to be pled.

**QUANTUM MERUIT**
The Report and Recommendation errs in applying affirmative defenses to avoid Defendants' liability

The Plaintiffs averred in the complaints they had performed valuable services, were entitled to full payment for their services, that Defendants were responsible for payment and acknowledged their obligation by making partial payment but Defendants had refused to make full payment.

Having averred these facts, the trial court was required to accept them as true and draw all reasonable inferences in favor of the Plaintiffs. *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007).

Instead, the Recommendation finds the Plaintiffs had no reasonable expectation of payment because Defendants had never made full payment in the past, and it was therefore not unjust for Defendants to refuse full payment now. The Report apparently accepts that Defendants have repeatedly failed to make full payment for repairs but nonetheless found the Defendants could avoid liability due to their unilateral course of conduct. The Report therefore applies an affirmative defense to dismiss the complaint.

An affirmative defense is any matter that serves to excuse the defendant's conduct or otherwise avoid the plaintiff's claim, but which is proven by facts extrinsic to the plaintiff's complaint. *Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007). See also, *Green v. Amjak Enterprises, Inc.,* No. 2:06CV264FTM29SPC, 2006 WL 2265455, at *2 (M.D. Fla. Aug. 8, 2006)("An affirmative defense is defined as a defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true.")(internal punctuation omitted).

Defendants unquestionably bear the burden of proof for affirmative defenses they may choose to assert. *Meacham v. Knolls Atomic Power Lab.,* 554 U.S. 84, 93, 128 S. Ct. 2395, 2401, 171 L. Ed. 2d 283 (2008)("the burden of persuasion for an affirmative defense falls on the one who claims

its benefits.")(internal punctuation omitted), *Thorsteinsson v. M/V Drangur*, 891 F.2d 1547, 1550-51 (11th Cir. 1990).

More than one affirmative defense utilizes course of conduct as an indicator of an avoidance of liability for a claim, most usually waiver and estoppel.

The Plaintiffs do allege the Defendants have repeatedly and consistently engaged in their wrongful conduct over a course of years. That, however, is wholly insufficient for a conclusion that either waiver or estoppel (or some other affirmative defense) plainly appears on the face of the complaint. It merely shows the Plaintiffs have considerable damages.

Ordinarily, a motion to dismiss may not be decided upon an affirmative defense, specifically because the trial court is required to accept the factual allegations of the complaint as true; a plaintiff is <u>not</u> required to negate an anticipated affirmative defense in a complaint. *Twin City Fire Ins. Co. v. Hartman, Simons & Wood, LLP*, 609 F. App'x 972, 976-77 (11th Cir. 2015). Only if the existence of an affirmative defense plainly and conclusively appears on the face of the complaint may a 12(b)(6) dismissal even be considered. *Id.*

The trial court may not, however, draw inferences or make factual conclusions in order to apply an affirmative defense as grounds for a 12(b)(6) dismissal. *Id.*

Mere acquiescence or silence alone does not create either a waiver or an estoppel. There must be a clear, unequivocal and decisive act of a party showing intent to waive a legal right. *Sentinel Indus. Contracting Corp. v. Kimmins Indus. Serv. Corp.*, 743 So. 2d 954, 964 (Miss. 1999).

To create an estoppel, a party must have a duty to speak <u>and</u> evidence the defendant changed its position to its detriment in reliance upon the plaintiff's silence. *Id.*

In both instances, the affirmative defense relies upon the conduct of the plaintiff which creates a negative effect on the defendant, not the unilateral conduct of the defendant, to determine whether a waiver or estoppel has been created.

The complaints repeatedly aver facts contradicting any suggestion the Plaintiffs waived any legal rights. The complaints set out the opposite: Plaintiffs have repeatedly attempted to collect full payment due but such efforts were met with threats, economic coercion and boycotting. As these are the facts that appear on the face of the complaint, and the trial court is required to accept them as true, it was error for the Report to draw the negative inference an avoidance of liability was justified.

While facts expressly asserted in the complaint negate application of a waiver affirmative defense, the complete absence of facts relative to estoppel fully negate its application, as well. There is nothing in the complaints from which the court could reasonably conclude the Defendants changed their position through detrimental reliance upon the conduct of the Plaintiffs. On the contrary, the complaint alleges there has been <u>no</u> change in Defendants conduct at all in that they have continued to refuse to make full payment over the course of years, backed up with threats, economic coercion and boycotting against the shops for failing to quietly submit to Defendants' wrongful conduct.

The Report therefore erred in finding the Plaintiffs had voluntarily and willingly engaged in any conduct that barred their right to seek legal redress. The Report in fact does not identify any actions of Plaintiffs at all to reach this conclusion, but relies solely upon the Defendants' unilateral conduct achieved through threats, economic coercion and superior economic power to enforce.

No affirmative defenses have been pled. There have been no answers filed, no defenses asserted, no discovery conducted, no evidence presented to the court. The Recommendation simply

creates an affirmative defense on behalf of the Defendants, deems it worthy without any evidence, excuses the Defendants from their burden of proof and dismisses the claim on the merits.

Plaintiffs submit this constitutes a fundamental error of law which, respectfully, may not stand as it is reversible error for a district court to "collapse discovery, summary judgment[,] and trial into the pleading stages of a case." *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 434 (4th Cir. 2015).

<u>The Report and Recommendation errs in finding the amount of compensation due Plaintiffs is not a question of fact.</u>

The Report and Recommendation states the court was "not persuaded" that the value of compensation due the Plaintiffs for the work they performed is a question of fact reserved for the jury. Most respectfully, the court is not permitted to be "not persuaded."

A district court is required to apply the law of the state as that state has declared it. It is not permitted to substitute its own judgment, alter or amend or otherwise redefine state authority. *West v. American Tel. & Tel. Co.*, 311 U.S. 223, 236-237 (U.S. 1940).

Mississippi courts have found the reasonable value of services performed is a question of fact for jury determination under claims of quantum meruit. *Tupelo Redevelopment Agency v. Gray Corp.*, 972 So. 2d 495, 516 (Miss. 2007)(calculation of reasonable compensation under quantum meruit left to jury). See also *Prism Mktg. Co. v. Casino Factory Shoppes, LLC,* 2009 U.S. Dist. LEXIS 110759 (N.D. Miss. Nov. 30, 2009).

The issue of what is reasonable compensation has long been recognized as a question of fact by multiple sources, including 1 Corbin on Contracts § 99 ("[H]ow much is reasonable in any

particular case is a question of fact, not one of law. There is no rule of law by which the amount can be deductively determined.")

Whether or not the Report and Recommendation found Mississippi authority persuasive is not something the Supreme Court countenances as a permissible basis for dismissing a claim. Because Mississippi law reserves the issue of reasonableness of compensation to the measure of damages and damages are determined by the fact finder, the Report and Recommendation recommends dismissal based upon an impermissible refusal to apply state law.

<u>The Report and Recommendation errs in finding Plaintiffs had alternative to doing business with Defendants' insureds and claimants.</u>

The Report's finding that Plaintiffs are not entitled to quantum meruit for the work they performed because they could have "attempted to renegotiate with Defendants or refuse the work." This conclusion recreates state law and violates the applicable pleading standard.

The elements of Mississippi quantum meruit do not include a requirement that a plaintiff have exhausted all potentially alternative options before quantum meruit claims will lie. It simply does not exist.

Likewise, there is no obligation to negotiate or bargain before a cause of action for quantum meruit will lie. It is not an element of the quantum meruit claim under Mississippi law.

It is error for the Report to conclude no quantum meruit claim may lie because the Plaintiffs theoretically had alternatives. As the trial court is required to accept the factual allegations as true, it is prohibited from favoring the alternative facts or hypotheticals suggested by defendants. *Lockheed Martin Corp. v. Boeing Co.*, 357 F. Supp. 2d 1350, 1368 (M.D. Fla. 2005). See also, *Grande Village LLC v. CIBC Inc.*, 2015 U.S. Dist. LEXIS 27384, 17-18 (D.N.J. Mar. 6, 2015).

The district court is not free to select amongst plausible versions of events for the one its finds most plausible. *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012). The privilege of selecting between or among plausible versions of events belongs to jury, not the court. *Id*. (citing *Monsanto Company v. Spray-Rite Service Corp.*, 465 U.S. 752, 766 and FN 11 (1984).

Plaintiffs are not required to present a set of facts that is *more* compelling than the alternatives presented in motions to dismiss. A plaintiff need only present allegations which, taken as true, present a plausible basis for liability, even if those allegations strike a court as unlikely to ultimately prevail. *Twombly*, 550 U.S. at 556.

Additionally the alternatives the Report suggests the Plaintiffs had are contradicted by the facts asserted in the complaint. Though they have no duty or obligation to negotiate or bargain their prices, the facts set out there was no actual opportunity to do so. The complaint sets out that anything short of full capitulation to the Defendants' fixed prices led immediately to threats of retaliation, actual retaliation, economic harm and slandering of Plaintiffs' business reputations with consumers. Payment was submitted on a "take it or leave it" basis and, again, refusal to simply "take it" led to those same threats of retaliation, actual retaliation, economic harm and slandering of Plaintiffs' business reputations with consumers.

At the same time, the complaint avers the Plaintiffs cannot economically afford to turn away business from the Defendants' insureds and claimants. The Defendants' insureds and claimants constitute between seventy five and ninety five percent (75-95%) of Plaintiffs' business. Should Plaintiffs turn away this business, they will be unable to remain open for business. There is,

therefore, no feasible economic alternative to performing repairs for the Defendants' claimants and insureds.

Having set out these facts, the court is required to accept them as true. The Report sets out no authority that Plaintiffs are required to go bankrupt before they may assert a claim for quantum meruit.

### Mississippi Code Section 83-11-501

The Report and Recommendation recommended the claim of violation under statute 83-11-501 had to be dismissed because the statute does not impose an obligation on the Defendant insurers to pay for a proper and fair repair, and because there existed no private right of action under the statute. Respectfully, these recommendations contradict the clear language of the statute and the history of treatment of 83-11-501 by courts in Mississippi.

With respect to the first contention, the clear language of the statute itself negates the Report's conclusion: [T]he most an insurer shall be required to pay for the repair of the vehicle or repair or replacement of the glass is the lowest amount <u>that such vehicle or glass could be properly and fairly repaired</u> or replaced by a contractor or repair shop within a reasonable geographical or trade area of the insured.

As the statute clearly states an insurer must pay for a proper and fair repair, the Report's conclusion is facially incorrect.

With respect to the latter conclusion, that no private right of action exists, the Report ignores multiple authority that has permitted claims of violation of this statute to go forward. *Christmon v. Allstate Ins. Co.*, 82 F. Supp. 2d 612, 615 (S.D. Miss. 2000), *Hardy Bros. Body Shop v. State Farm Mut. Auto. Ins. Co.*, 848 F. Supp. 1276, 1287 (S.D. Miss. 1994), *Addison v. Allstate Ins. Co.*,

97 F. Supp. 2d 771, 773 (S.D. Miss. 2000), *Christmon v. Allstate Ins. Co.*, 57 F. Supp. 2d 380, 381 (S.D. Miss. 1999).

None of these cases have found that enforcement is reserved solely to the attorney general. None of these cases were dismissed at the complaint stage. The Report's conclusion that no private right of action exists is directly contradicted by the history of courts applying Mississippi law to private claims of violation of the statute.

For the forgoing reasons, Plaintiffs object to the Report and Recommendation and request Court decline to adopt the same as the Order of the Court.

Respectfully submitted, this the 2nd day of March, 2016.

**CAPITOL BODY SHOP, INC., et al**
**BY:**   /s/ *Allison P. Fry*
JOHN ARTHUR EAVES, JR.
ALLISON P. FRY,

John Arthur Eaves,
Attorneys at Law
101 N. State Street
Jackson, MS 39201
Telephone:    601.355.7961
Facsimile:    601.355.0530
JohnJr@eaveslaw.com
Allison@eaveslaw.com
Will@eaveslaw.com

Attorneys for the Plaintiffs

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing *Plaintiffs' Second Amended Complaint* was filed electronically on the 2nd day of March, 2016. This filing will be served upon all ECF-registered counsel by operation of the Court's electronic filing system. Parties and counsel may access this filing through the Court's system.

*s/ Allison P. Fry*
Allison P. Fry