**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

CAPITOL BODY SHOP, INC., *et al.*,

                Plaintiffs,

v.

STATE FARM MUTUAL AUTO INSURANCE
COMPANY, *et al.*,

                Defendants.

**Case No. 6:14-CV-06000-ORL-31TBS**

**GEICO GENERAL INSURANCE COMPANY AND GEICO INDEMNITY
COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFFS' OBJECTION TO
MAGISTRATE'S REPORT AND RECOMMENDATION**

In his February 17, 2016 Report and Recommendation (Doc. 115) ("R&R"), Judge Smith correctly determined that each of Plaintiffs' tortious interference with business relations, *quantum meruit* and Mississippi Code § 83-11-501 claims against GEICO General Insurance Company and GEICO Indemnity Company (collectively "GEICO") must be dismissed for failure to state claims upon which relief could be granted.[1]  Plaintiffs' Objection (Doc. 121) provides no basis for the Court to reject any of Judge Smith's recommendations.[2]

Plaintiffs concede they have not alleged facts to support their tortious interference claims against each Defendant.  Objection at 2.  They cite no alleged facts to support their tortious interference claims against GEICO.  Plaintiffs insist the Court permit their claim to proceed based on speculation that GEICO interfered with some unidentified business relation based on their general allegations, group pleading and allegations of times when GEICO and other Defendants allegedly did not interfere with their business relations. *Id.* at 2-5.  Judge Smith was correct to recommend dismissal of these claims with prejudice.

Plaintiffs did not object to Judge Smith's recommendation that their *quantum meruit* claims be dismissed because they did not allege they rendered service to GEICO.  *See* R&R at 16; Objection at 7-14.  The Court should adopt the R&R's recommendation to dismiss the *quantum meruit* claims on this basis alone.

Plaintiffs also identify no alleged facts that plausibly suggest they had a reasonable expectation of payment, failing to establish *prima facie* elements of their claims.  Instead, Plaintiffs engage in a lengthy discussion of affirmative defenses, which is irrelevant because Plaintiffs have not stated a *prima facie* claim.  *See* Objection at 8-11.

The R&R also did not address GEICO's argument that these claims should be dismissed because Plaintiffs allege they have contracts with their customers covering these same repairs.

---

[1] Judge Smith also recommended dismissal of these claims by Plaintiffs Clinton Body Shop, Inc. and Clinton Body Shop of Richland, Inc. (collectively "Clinton") based on claim preclusion and collateral estoppel. R&R at 19-24. Clinton does not object to this recommendation, and the Court should adopt it.

[2] The R&R recommended dismissal of all of Plaintiffs' claims against GEICO but did not recommend dismissal of four tortious interference claims against State Farm and Progressive.  GEICO has joined in State Farm and Progressive's partial objections to the R&R regarding these claims. *See* Doc. 119.  Those claims are not discussed in Plaintiffs' Objection or here.

-1-

For any, and all, of these reasons, the Court should adopt Judge Smith's recommendation and dismiss the *quantum meruit* claims against GEICO with prejudice.

Regarding their Mississippi Code § 83-11-501 claim, Plaintiffs provide no reason for the Court to reconsider its previous interpretation of the obligations imposed on insurers by the statute, which the R&R supports with additional authority, and no basis for the Court to conclude that the statute provides for a private right of action.

For the reasons stated in Judge Smith's R&R, in GEICO's Motions to Dismiss (Doc. 92) and below, GEICO requests that the Court adopt Judge Smith's R&R, subject only to the items noted in GEICO's Joinder in Partial Objections to Report and Recommendation (Doc. 119).

## I. JUDGE SMITH CORRECTLY RECOMMENDED DISMISSAL OF PLAINTIFFS' TORTIOUS INTERFERENCE CLAIMS AGAINST GEICO

The Court has expended considerable effort to identify the pleading standard required by the United States Supreme Court in *Twombly* and *Iqbal*, yet Plaintiffs continue to misstate or misunderstand that requirement. *See, e.g.*, Doc. 116 at 3-4 (identifying the standard). Plaintiffs continue to insist they do not need to allege facts to support their tortious interference claims, but instead can rely on group pleading, speculation and belief as to any wrongful conduct by GEICO. *See* Doc. 121 at 2-5. Plaintiffs concede their SAC "does not provide specific examples [of interference] for each and every Defendant relative to each and every [Plaintiff]," but claim they are not required to provide specific allegations because they have: (1) generally alleged that each Defendant interfered with unidentified prospective relationships with unidentified prospective customers of each Plaintiff; and (2) they have alleged instances where some Defendants failed to interfere with a relationship, asking the Court to speculate that there must, therefore, be instances where Defendants successfully interfered with other unidentified relationships. *Id.* Judge Smith was correct to recommend that Plaintiffs' general, group-pled, allegations are insufficient and not to engage in speculation.

The Court has repeatedly stated that to survive a motion to dismiss Plaintiffs "must provide enough factual allegations to raise a right to relief above the speculative level."

Doc. 116 at 3 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court has also explained that Plaintiffs "must provide enough factual allegations . . . to indicate the presence of the required elements" of their causes of action. Doc. 116 at 3 (citing *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289 (11th Cir. 2007)); *see also Watts*, 495 F.3d at 1295-96 (("The Supreme Court's most recent formulation of the pleading specificity standard is that 'stating such a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. . . . It is sufficient if the complaint succeeds in 'identifying facts that are suggestive enough to render [the element] plausible.") (quoting *Twombly*) (alterations in original)). Plaintiffs do not identify facts suggesting each element of their tortious interference claims against GEICO is plausible.

### A. Judge Smith Correctly Held That Plaintiffs' General, Shotgun And Group-Pled Allegations Are Insufficient To State A Claim

GEICO's Motion to Dismiss argued that Plaintiffs' SAC does not indicate which of its 510 paragraphs allegedly support Plaintiffs' tortious interference claims against GEICO and continues to rely on group pleading. Doc. 92 at 19. The SAC includes at least seventy paragraphs pertaining to alleged "steering"[3] (SAC ¶¶ 298-371), but only mentions **one** communication between GEICO and an insured (*id.* ¶ 318 (listing Bolden Body Shop, but failing to plead interference)) and **one** general communication between GEICO and insureds. *Id.* ¶ 301 (listing no Plaintiffs). Neither of these allegations comes close to demonstrating the required elements of a tortious interference claim, and Plaintiffs' Objection does not argue they do.

As GEICO argued, Plaintiffs' shotgun and group pleading make it impossible for GEICO to know precisely what it is defending against. Doc. 92 at 19. Plaintiffs' Objection provides no clarification and fails to identify *facts* any Plaintiff alleged about GEICO that support any of the elements of a Mississippi tortious interference claim.[4] The Objection does not include a single

---

[3] Plaintiffs define steering as an insurance company informing its policyholders about either various body shops or about the terms of their policy and *presume* that providing such information is illegal under Mississippi law. *See* SAC ¶¶ 298-371. This is wrong. The only prohibition in Mississippi law that touches on the subject is Miss. Code § 83-11-501, which clearly envisions and permits such communications. The statute permits an insurer to "steer" – as defined by Plaintiffs – as long as the insurer does not condition payment on the use of one shop versus another.

[4] Plaintiffs do not dispute the elements identified in the R&R. *See* R&R at 6-7 (citations omitted).

citation to the SAC, and, where it discusses specific customers, it mentions no conduct by GEICO. Objection 2-7. Without identifying a business relationship with which GEICO interfered and actual interference by GEICO that caused a Plaintiff damage, Plaintiffs cannot support any elements of their claims.

Plaintiffs also misunderstand this Court's condemnation of group pleading in the tortious interference context. *See* Objection at 2-3, 4. In Judge Smith's Report and Recommendation recommending dismissal of Plaintiffs' First Amended Complaint, he explained that "[i]f Plaintiffs are to be believed, each and every Defendant 'steered and attempted to steer' customers away from each and every Plaintiff" and held this is implausible. Doc. 82 at 13 *adopted by* Doc. 83. After the Plaintiffs in *A & E Auto Body, Inc. v. 21st Century Centennial Insurance Company* added the name of every single defendant to every single paragraph in their First Amended Complaint, the Court observed that many of these additions did not make sense and warned that "[t]he Plaintiffs should insure that their references to 'the Defendants' are, in fact, intended to encompass every single Defendant." Case 6:14-cv-00310-GAP-TBS, Doc. 293 at 6 (January 22, 2015). The Court's condemnation of group pleading in the tortious interference context merely required each Plaintiff to state plausible claims as to each Defendant that the Plaintiff alleges tortuously interfered with a business relationship. Instead of curing this deficiency, Plaintiffs continue to rely almost entirely upon group pleading, which makes it impossible for GEICO to know the factual basis of the claims against it. *See, e.g.*, SAC ¶ 492 (alleging all Defendants "repeatedly steered . . . and attempted to steer customers who have either initiated or verbalized the intent to initiate a business relationship/transaction with a Plaintiff from the Plaintiffs' respective businesses . . . "). Plaintiffs' collective conclusory allegations remain implausible and are not supported by any facts in the SAC.

### B. Allegations Of "Failed Attempts to Interfere" Do Not Support A Claim That GEICO Interfered With Some Unidentified Relationship

Plaintiffs claim that the "failed attempts to interfere [alleged in their SAC] are specific examples of which the Plaintiffs have been made aware; they support the allegation that

Defendants are engaging in the actions described in the complaint; they show the charges against the Defendants are not baseless." Objection at 4.  Plaintiffs ask the Court to speculate that GEICO's, or some other Defendants', non-commission of a tort plausibly suggests GEICO committed a tort related to some other, unidentified, transaction with an unidentified customer at an unidentified time.  That is guessing.  Plaintiffs must allege more than "the mere possibility of misconduct."  Doc. 116 at 4 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

The only customer interaction alleged about GEICO merely alleges GEICO required the customer to take her vehicle to a GEICO-preferred shop for an estimate and then permitted her to take her vehicle to the shop of her choice to perform repairs.  SAC ¶ 318.  It is impossible to conclude from this transaction that GEICO interfered with every Plaintiffs' unidentified potential customers at some unidentified time, the interference was intentional and willful, calculated to cause damage to Plaintiffs' lawful business, done with the unlawful purpose of causing damage and loss, without right or justifiable cause, and actual damage resulted.  *See* R&R at 6 (identifying the elements of tortious interference) (citations omitted).  Further, Mississippi Code § 83-11-501 permits GEICO to obtain estimates from other shops, including preferred shops, to assure that "the most an insurer shall be required to pay for the repair of the vehicle or repair or replacement of the glass is the lowest amount that such vehicle or glass could be properly and fairly repaired or replaced by a contractor or repair shop within a reasonable geographical or trade area of the insured."  Dismissing Plaintiffs' claims against GEICO does not require the Court to disbelieve the SAC's factual allegations, but permitting the claims to proceed would require the Court to accept Plaintiffs' guess that GEICO interfered with some potential relationship.  *Iqbal*/*Twombly* do not permit the Court to speculate.  *See* Doc. 116 at 3 (citing *Twombly*, 550 U.S. at 555).

### C. Plaintiffs' Examples Are Insufficient To Support A Tortious Interference Claim Against GEICO

GEICO's Motion to Dismiss argued that, where GEICO is identified in the SAC (¶¶ 301 and 318), Plaintiffs did not plead facts to plausibly suggest each element of their claims.  Doc. 92

at 20-21. Judge Smith agreed and Plaintiffs did not challenge that conclusion. *See* Objection at 6-7 (identifying specific examples regarding Defendants other than GEICO). GEICO also incorporates its Joinder in Partial Objections (Doc. 119), which identifies why Plaintiffs' examples also do not support a tortious interference claim and why Plaintiffs' conclusory allegation that Defendants acted maliciously and without justifiable cause is implausible.[5]

### D. Judge Smith's Recommendation To Dismiss Each Plaintiffs' Tortious Interference Claims Against GEICO Was Correct

Plaintiffs' SAC is a transparent attempt to engage in a wild and expensive fishing expedition into every interaction GEICO (and every other Defendant) has had with any claimant or insured (presumably, although it is unclear, in Mississippi) to determine if that interaction might contain something that supports Plaintiffs' broad, non-specific claims. Plaintiffs' general pleading is not permitted by Rule 8 or *Iqbal/Twombly* and Judge Smith was correct to recommend dismissal of these generally alleged claims.[6]

---

[5] The examples regarding Allstate and State Farm in the Objection also fail for the reasons stated in the R&R and identified in GEICO's Joinder because they do not allege facts to support a conclusion that any Plaintiff was damaged (*e.g.*, Mrs. Williams, Lara McFarland, Jamie Allen) and because the Defendant's conduct is permitted by Mississippi Code § 83-11-501 (*e.g.*, Laura Johnson, Jamie Allen, Lara McFarland, Mrs. Williams).

[6] Plaintiffs continue to claim that their tortious interference claim is based on false and misleading statements, even though they have not identified any false or misleading statements made by GEICO to anyone. *See* Objection at 2. To the extent Plaintiffs' tortious interference claim is based on any alleged misrepresentations made by GEICO, Plaintiffs must plead this claim with particularity pursuant to Federal Rule of Civil Procedure 9(b), but do not do so. Even though tortious interference is not labeled "fraud," if it rested on alleged misrepresentations, it would "sound in fraud" bringing it within the requirements of Rule 9(b). *See Cordell Consultant, Inc. Money Purchase Plan & Trust v. Abbott*, 561 F. App'x. 882, 884 (11th Cir. 2014) (citing *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1064–65 (11th Cir. 2007) (holding Rule 9(b) applies to claims that "sound in fraud"); *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502 (7th Cir. 2007) (holding that Rule 9(b) applies to a tortious interference claim based on alleged fraudulent conduct); *Medimport S.R.L. v. Cabreja*, 929 F. Supp. 2d 1302, 1320 (S.D. Fla. 2013) (applying Rule 9(b) to allegations of fraudulent conduct underlying tortious interference claim); *Marks v. Struble*, 347 F. Supp. 2d 136, 147 (D.N.J. 2004) (same). Despite Plaintiffs' claim that the Court has "repeatedly acknowledged they are not required to meeting [sic] the specificity pleading of Rule 9," the Court has not held this and has recognized that prior *dicta* discussing the applicability of Rule 9(b) is not definitive or binding. *See* Objection *A & E Auto Body, Inc. v. 21st Century Centennial Ins. Co.*, 120 F. Supp. 3d 1352, 1368 (M.D. Fla. 2015) ("With respect to the allegedly objectionable *dicta*, the Defendants' concerns are noted. However, as the language at issue did not affect the result of the June 3 Report, the Court finds no reason to determine whether those concerns are warranted. Should a future opinion turn on these points, the Defendants may reassert their objections.").

## II. JUDGE SMITH CORRECTLY RECOMMENDED DISMISSAL OF PLAINTIFFS' *QUANTUM MERUIT* CLAIMS AGAINST GEICO

### A. Plaintiffs Did Not Object To Judge Smith's Recommendation That Their *Quantum Meruit* Claims Be Dismissed Because They Did Not Render Services To GEICO

Judge Smith recommended dismissal of Plaintiffs' *quantum meruit* claims because Plaintiffs allegedly rendered "their services to the owners of the vehicles, not the insurance companies." R&R at 16; *see also In re Estate of Fitzner*, 881 So. 2d 164, 173-74 (Miss. 2003) (the elements of *quantum meruit* are "(1) valuable services were rendered or materials furnished; (2) *for the person sought to be charged*; (3) which services and materials were *accepted by the person sought to be charged, used and enjoyed by him*; and (4) under such circumstances as reasonably notified [the] person sought to be charged that plaintiff, in performing such services, was expected to be paid by [the] person sought to be charged") (emphasis added). Plaintiffs do not object to this recommendation or provide any basis for the Court to conclude Judge Smith was incorrect. On this basis alone, the Court should adopt Judge Smith's recommendation and dismiss Plaintiffs' *quantum meruit* claims against GEICO with prejudice.

### B. Judge Smith Correctly Held That Plaintiffs Do Not Allege Facts That Plausibly Suggest They Had A Reasonable Expectation Of Additional Payment

Judge Smith also recommended dismissal of Plaintiffs' *quantum meruit* claims because Plaintiffs did not allege facts sufficient to support "a plausible claim that Plaintiffs had a reasonable expectation of payment in excess of the amounts they actually received from Defendants." R&R at 15. As GEICO argued in its Motion to Dismiss, Plaintiffs could not have reasonably expected to be paid more for their services because Plaintiffs agreed to perform the repairs at certain prices and knew that GEICO had always refused to pay more. *See* SAC ¶ 136 ("Defendant insurers compel acceptance of a fixed pricing structure"); ¶ 143 ("Defendants . . . simply refuse to pay more for parts that [sic] the cheapest a part can be purchased."); ¶ 149 ("Payment is presented to Plaintiffs on a 'take it or leave it' basis."); ¶ 163 ("All Defendants assert they will pay no more than the market rate for labor in the market area."); ¶ 179 ("Robbie Minyard of GEICO has specifically told Plaintiffs GEICO will pay no more than State Farm

pays and only authorizes/authorized payment in that amount."). SAC Paragraph 499, which Judge Smith cited in the R&R, confirms Plaintiffs allege that before they performed each repair, the Defendants preserved their rights and approved the work. SAC ¶ 499 ("Defendants reserved the unilateral right to give permission for each Plaintiff to commence work until such time and place as they deemed appropriate. . . . the Defendants asserted they were entitled to certain rights and privileges in advance of work actually commencing to preserve their own rights."). Where Plaintiffs mention GEICO, they allege GEICO obtains its own estimate before work is performed. *See* SAC ¶¶ 301, 318. Judge Smith was correct that the allegations in Plaintiffs' SAC do not plausibly suggest Plaintiffs had a reasonable expectation of payment over the amount GEICO told each Plaintiff it would pay.

Plaintiffs' argument that Judge Smith applied the affirmative defense of estoppel is meritless. According to Plaintiff, "[a]n affirmative defense is any matter that serves to excuse the defendant's conduct or otherwise avoid the plaintiff's claim . . .." Objection at 8 (citations omitted). Even accepting this as a correct explanation of an affirmative defense, Plaintiffs' reference to an affirmative defense is irrelevant. As Judge Smith observed, "[u]nder Mississippi law, 'a prerequisite to establishing grounds for quantum meruit is [the] claimant's reasonable expectation of compensation.'" R&R at 12 (quoting *In re Estate of Fitzner*, 881 So. 2d 164, 173 (Miss. 2003)) (alterations in original). Plaintiffs, therefore, must allege enough factual matter to suggest that they had a reasonable expectation to be paid more than they were paid. *See Watts*, 495 F.3d at 1295-96. Plaintiffs objection identifies no facts alleged in the SAC to suggest such a conclusion. *See* Objection 8-11.[7]

---

[7] As the court in *Boldstar Technical, LLC v. Home Depot, Inc.* stated, "an affirmative defense is established only when the defendant admits facts contained in the complaint, but sets up other facts in justification or avoidance." 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007). Neither GEICO, nor Judge Smith relied upon "other facts" to conclude that Plaintiffs had not alleged facts to support the *prima facie* elements of their *quantum meruit* claims. As discussed above, the absence of Plaintiffs' reasonable expectation of additional payment is found in the SAC. Assuming *arguendo* the Court had to rely upon an affirmative defense to excuse GEICO's conduct (*i.e.*, telling Plaintiffs how much it would pay and then paying that amount), the Court may do so if the facts appear in the SAC. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) ("A complaint may be dismissed if an affirmative defense . . . appears on the face of the complaint.").

Because Plaintiffs did not allege facts plausibly suggesting they had a reasonable expectation of additional payment, Judge Smith correctly concluded that "the amount of consideration Defendants paid was reasonable" is not a question of fact for the jury. R&R at 15 (holding that Plaintiffs cannot perform repairs, accept the understood amount of payment and then sue claiming that the amount of payment they accepted was unreasonable). It is not Judge Smith who is misapplying Mississippi law by relying on the "reasonable value of services performed." *See* Objection at 11-12. Plaintiffs are attempting to confuse the requirement that, as part of their *prima facie* case, they must allege facts plausibly suggesting they had a reasonable expectation to receive additional payment (which they failed to do), with the question of the appropriate remedy once a defendant has been held liable under a *quantum meruit* theory. *See Tupelo Redevelopment Agency v. Gray Corp.*, 972 So. 2d 495, 514-16 (Miss. 2007) (analyzing the question of the reasonable value of services only after holding that the jury was correct in finding the defendant liable in *quantum meruit*); *Prism Mktg. Co. v. Casino Factory Shoppes, LLC*, No. 2:08CV163-SA-SAA, 2009 WL 4348952, at *4 (N.D. Miss. Nov. 30, 2009) *opinion clarified,* No. 2:08CV163-SA-SAA, 2009 WL 5030702 (N.D. Miss. Dec. 15, 2009) ("The measure of recovery in quantum meruit is the reasonable value of the materials or services rendered.") (citing *Kalavros v. Dep. Guar. Bank & Trust Co.,* 248 Miss. 107, 158 So.2d 740 (1963)); 1 Arthur Linton Corbin, *Corbin on Contracts* § 99 (1963) (discussing "reasonable price" as a remedy after performance); Objection at 11-12 (citing the prior three sources). Because Plaintiffs have not alleged facts plausibly suggesting they had a reasonable expectation of additional payment, there is no question of fact as to the reasonable value of their services. *See Mosley v. GEICO Ins. Co.*, No. 3:13CV161-LG-JCG, 2014 WL 7882149, at *5 (S.D. Miss. Dec. 16, 2014) (refusing to reach the question of damages where plaintiffs did not have a legally viable claim).

Plaintiffs' argument about Judge Smith's statement that "Plaintiffs were free to attempt to renegotiate with Defendants or refuse the work" also lacks merit. *See* Objection at 12-13. Judge Smith did not "select amongst plausible versions of events" in concluding:

> Each time a Plaintiff accepted a new job, it knew what the Defendant insurance company was going to pay for the repair. Plaintiffs were free to attempt to renegotiate with Defendants or refuse the work. What they cannot do is perform the repairs, accept the understood amount of payment, and then sue, alleging they had a reasonable expectation to be paid more.

R&R at 15. Plaintiffs do not allege facts that plausibly suggest they were forced or legally obligated to perform repairs, but instead concede they could have refused to perform repairs. *See, e.g.*, Objection at 13. The Court has already rejected a similar economic coercion argument as "nonsensical." *Crawford's Auto Ctr., Inc. v. State Farm Mut. Auto. Ins. Co.*, No. 614CV6016ORL31TBS, 2015 WL 7568213, at *5 (M.D. Fla. Nov. 25, 2015) ("The Plaintiffs are arguing (1) that what they feared losing was not money but the ability to perform repairs on insured vehicles, and (2) that receiving compensation paid by insurance companies was not the benefit they received but rather the burden they shouldered to be able to continue performing repairs on insured vehicles. In actuality, the Plaintiffs admit throughout the Amended Complaint that they accepted what they believed to be suppressed compensation because if they refused to work that cheaply, some other repair shop would get the work. This is not the sort of fear of economic loss that can support an extortion claim.") (footnote omitted). Judge Smith is correct that Plaintiffs' alleged ability to negotiate or refuse to perform the work supports the finding that Plaintiffs' SAC does not allege facts plausibly suggesting Plaintiffs had a reasonable expectation of payment over the amounts they received from Defendants.

### C. **Plaintiffs'** *Quantum Meruit* **Claims Should Also Be Dismissed Because Plaintiffs Allege The Existence Of Contracts**

GEICO's Motion to Dismiss also argued that Plaintiffs' *quantum meruit* claims should be dismissed because Plaintiffs have contracts with insureds and claimants governing repair services. Doc. 92 at 24; *see also* SAC ¶¶ 64-65, 159 ("Although Plaintiffs' agreement to effect repairs is with the individual consumers . . . ."). Mississippi law is clear that where there is a contract, a party may not abandon that contract and resort to *quantum meruit*. *Sentinel Indus. Contracting Corp. v. Kimmins Indus. Serv. Corp.*, 743 So. 2d 954, 970 (Miss. 1999) (quoting *Redd v. L & A Contracting Co.,* 246 Miss. 548, 555, 151 So.2d 205, 208 (1963)) (holding that

the plaintiff could not maintain a *quantum meruit* theory against the defendant "for work it performed under an express contract with [another entity]"). Judge Smith did not address this argument, but the Court may do so now. *See* 28 U.S.C. § 636(b)(1)(B) (instructing the Court to conduct a *de novo* review of objections).

### III. JUDGE SMITH CORRECTLY RECOMMENDED DISMISSAL OF PLAINTIFFS' MISSISSIPPI CODE § 83-11-501 CLAIM

Judge Smith recommended dismissal of Plaintiffs' claim under Mississippi Code § 83-11-501 against GEICO because: (1) the sole duty imposed by the unambiguous language of the statute is that automobile insurance companies refrain from requiring as a condition of payment of a claim that repairs be made by a particular shop and Plaintiffs did not allege GEICO conditioned payment in violation of the statute; and (2) the statute does not allow a private right of action. R&R at 17-19.

Plaintiffs object that, in addition to the restriction on conditioning payment, "the clear language of the statute" also requires an insurer to pay for a proper and fair repair. Objection at 14. This Court, and every other court that has passed on this issue, disagrees. In the Report and Recommendation recommending dismissal of Plaintiffs' First Amended Complaint, which the Court adopted without objection, the Court soundly rejected the same argument Plaintiffs raise here. Doc. 82 at 5-6, *adopted by* Doc. 83. Judge Smith's R&R cites additional cases rejecting Plaintiffs' misreading of the statute based on the plain and unambiguous language of the statute. R&R at 17. Plaintiffs cite no new case law and make no new argument in support of a reading of the statute that this Court already rejected without objection.

Plaintiffs also object that, in finding that § 83-11-501 does not permit a private right of action, Judge Smith ignored three cases that "permitted claims of [sic] violation of this statue to go forward." Objection at 14. As the R&R holds, these cases, however, are of no assistance to Plaintiffs. *See* R&R at 18 & n.4. In *Christmon v. Allstate Ins. Co. (Christmon II)*, the court granted summary judgment against the plaintiff on its § 83-11-501 claim. 82 F. Supp. 2d 612, 615 (S.D. Miss. 2000). In doing so, the court assumed, in *dicta*, "for purposes of the present

-11-

motion, that Plaintiff could maintain a private cause of action" under the statute, even though "[t]he express language of the statute does not provide for a private cause of action in the case of a violation." *Id.* at 615 n.1. In *Hardy Bros. Body Shop v. State Farm Mut. Auto. Ins. Co.*, the court also granted summary judgment against the plaintiff on its § 83-11-501 claim. 848 F. Supp. 1276, 1287 (S.D. Miss. 1994). The *Hardy Bros.* court did not address whether there was a private right of action under the statute, and apparently was not asked to do so. *See id. Christmon v. Allstate Ins. Co. (Christmon I)* and *Addison v. Allstate Ins. Co.* both addressed issues of fraudulent joinder and were not asked to, and did not, address whether the statute provides for a private right of action. 57 F. Supp. 2d 380, 381-82; 58 F. Supp. 2d 729, 733 (S.D. Miss. 1999). Plaintiffs cite no case permitting a claim of a violation of the statute to go forward, because none exists.

Plaintiffs do not object to Judge Smith's analysis of Mississippi law stating "[u]nless the legislative intent can be inferred from the language of the statute, the statutory structure, or some other source, the essential predicate for implication of a private remedy simply does not exist." *See* Objection at 14-15; R&R at 18-19 (quoting *Doe v. State ex rel. Miss. Dep't of Corr.*, 859 So. 2d 350, 356 (Miss. 2003). The Court should adopt Judge Smith's well-reasoned, unobjected-to, conclusion that the language of the statute "does not expressly or impliedly create a private right of action, or mention recourse by the general public or potential victims." R&R at 19. Judge Smith's recommendation was correct and the Court should adopted it in full.

DATED this 18th day of March, 2016.

          LEWIS ROCA ROTHGERBER CHRISTIE LLP

          By: */s/ Dan. W. Goldfine*
            Dan W. Goldfine
            Joshua Grabel
            Jamie L. Halavais
            Ian M. Fischer
            201 E. Washington Street, Suite 1200
            Phoenix, Arizona 85004
            Telephone: 602-262-5392
            Facsimile: 602-262-5747
            Email: dgoldfine@lrrc.com
               jgrabel@lrrc.com
               jhalavais@lrrc.com
               ifischer@lrrc.com

            Attorneys for Defendants GEICO General Insurance Company and GEICO Indemnity Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of March, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

            */s/ Dan W. Goldfine*
            Dan W. Goldfine