IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION

| | |
|---|---|
| CAPITOL BODY SHOP, INC., *et al.*, | * **DISPOSITIVE MOTION** |
| | * |
| PLAINTIFFS, | * MDL Docket No. 2557 |
| | * |
| v. | * Case No. 6:14-cv-06000-GAP-TBS |
| | * |
| STATE FARM MUTUAL AUTOMOBILE | * Originally filed in the Southern |
| INSURANCE COMPANY, *et al.*, | * District of Mississippi |
| | * |
| DEFENDANTS. | * |

**CERTAIN DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO RECONSIDER**

Plaintiffs' Motion to Reconsider ("Mot.") the Court's February 22, 2016 Order is meritless and should be denied summarily. Neither of the grounds offered by Plaintiffs remotely approaches the demanding standard justifying reconsideration of a prior order. The Court issued a carefully reasoned opinion months after full briefing on the merits of Plaintiffs' antitrust claims. (*See* Doc. 116.) The vaguely described, "newly discovered" allegations to which Plaintiffs generally allude appear to be the same as allegations that have been available to Plaintiffs for months and were included in other complaints filed in this same multidistrict litigation in May and September of 2015. Plaintiffs' attempt to add these allegations to a previously amended complaint is an insufficient reason for reconsideration under Eleventh Circuit precedent. *M.G. v. St. Lucie Cnty. Sch. Bd.*, 741 F.3d 1260, 1262 (11th Cir. 2014).

The relief that Plaintiffs seek is the stuff of a motion for leave to amend, and Plaintiffs' motion is a transparent attempt to avoid the consequences of their failure timely to seek leave to amend. On January 29, 2016, they advised the Court they would try to amend

this and other complaints in February, but they never did so. *See* Defs.' Liaison Counsel's Report Concerning Feb. Status Conf. ¶ 2, *In Re: Auto Body Shop Antitrust Litig.*, Doc. 261 in Case No. 6:14-md-02557 (representing that Plaintiffs would file motions "to amend complaints in the remaining antitrust cases in the MDL proceedings" before a February status conference). Plaintiffs' representation leaves little doubt about the true purpose of this motion. Even if Plaintiffs had met the standard for reconsideration, however, their attempt to amend would be futile. Plaintiffs' new allegations do not enhance the plausibility of their claims of antitrust conspiracy and so would not have altered the Court's holding that those claims should be dismissed with prejudice.

**I.     Legal Standard**

The Court has discretion to reconsider its prior orders, *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990), but reconsideration "is an extraordinary remedy to be employed sparingly," *Lamar Adver. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 489 (M.D. Fla. 1999). The Court evaluates a motion for reconsideration under similar standards as for a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e). *See Church of Our Savior v. City of Jacksonville Beach*, 108 F. Supp. 3d 1259, 1265 & n.2. Reconsideration is justified only in the case of (1) an intervening change in controlling law, (2) newly discovered evidence not previously available to the moving party, or (3) a need to correct a clear error or manifest injustice. *Church of Our Savior*, 108 F. Supp. 3d at 1265. "Arguments in favor of granting reconsideration must be balanced against the desire to achieve finality in litigation," and "must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to

reverse its prior decision." *Stalley v. ADS All. Data Sys., Inc.*, 296 F.R.D. 670, 687 (M.D. Fla. 2013) (internal quotation marks omitted).

**II. Plaintiffs Have Not Shown a Manifest Injustice**

Plaintiffs first contend that the Court acted too hastily in dismissing their federal antitrust claims, resulting in a "substantial injustice." (Mot. at 1, ¶ 3.) Reconsideration to prevent a manifest injustice "is an extreme measure, and substantial discretion rests with the court in granting such a motion." *Gold Cross EMS, Inc. v. Children's Hosp. of Alabama*, 108 F. Supp. 3d 1376, 1380 (S.D. Ga. 2015) (quotation marks omitted). According to Plaintiffs, such an extreme measure is justified because the Court issued its order a few days after Magistrate Judge Smith's Report and Recommendation regarding Plaintiffs' state law claims, and thus before Plaintiffs could object to Judge Smith's recommendations. (Mot. at 1, ¶¶ 2-3.)

That contention is nonsensical and frivolous. Defendants' motions to dismiss have been fully briefed and ripe for decision for months. In the course of that briefing, Plaintiffs had a full opportunity to respond to Defendants' arguments regarding their antitrust claims. In issuing a decision months after that briefing was complete, the Court did not act in haste, and no injustice has occurred. As Plaintiffs concede, Judge Smith's Report regarding Plaintiffs' state law claims "did not specifically address" their federal antitrust claims. (Mot. at 1, ¶ 2.) In fact, Judge Smith made clear that his Report only addressed "the questions of state law" raised in Defendants' motion to dismiss, and he did not discuss the antitrust claims at all. (Doc. 115 at 2.) Plaintiffs do not explain what they would have said in their objections to Judge Smith's recommended disposition of their state law tort and contract claims that

would have been relevant to the Court's decision that Plaintiffs had failed to state a claim under federal antitrust laws.[1] Reconsideration on this ground would be improper.

### III. Plaintiffs Have Not Demonstrated the Discovery of Newly Available Evidence

Second, Plaintiffs contend that they have "new" evidence to allege in support of their antitrust conspiracy claims. (*See* Mot. at 2, ¶¶ 5-6.) Plaintiffs do not specifically describe or reproduce this new evidence, and instead allude generally to vague allegations of purported statements by a "Progressive employee" and a "State Farm representative." (*Id.* at 2-3, ¶¶ 5-8.) According to Plaintiffs, these allegations would have lent sufficient plausibility to the conspiracy alleged in Plaintiffs' complaint to survive dismissal. Both contentions are meritless.

"[W]here a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the [case]." *M.G.*, 741 F.3d at 1262 (alteration in original). Although Plaintiffs contend that the new allegations were not available at the time they filed their amended complaint (*see* Mot. at 2, ¶ 7), they do not attempt to demonstrate that the allegations were not available <u>during the pendency of the case</u>.

Nor can they. The Court, having considered the sufficiency of many of the antitrust claims in this MDL, will be familiar with the allegation about purported statements by a State Farm employee to which Plaintiffs allude, as it has appeared in several complaints filed by Plaintiffs' attorneys in this MDL since May of 2015. *See, e.g.*, First Am. Compl. ¶ 250, *Parker Auto Body, Inc. v. State Farm Mut. Auto. Ins. Co.*, Doc. 119 in Case No. 6:14-cv-

---

[1] Plaintiffs' objections to the Report and Recommendation, filed on the same day as their motion for reconsideration, do not contain any discussion of their antitrust claims. (*See* Doc. 121.)

4

105724680.1

06004 (alleging that a "State Farm employee has admitted that State Farm deliberately suppresses labor rates and the purported survey results in a 'prevailing competitive price' is actually 'whatever State Farm wants it to be.' This employee has further admitted State Farm purposefully asserts reliance upon out-of-date information, such as labor rates 'about twenty years old,' entered into the 'survey' long ago").[2]

And the allegation about statements by a Progressive employee appeared in four complaints filed in September of 2015. *See* First Am. Compl. ¶ 214, *Legends Collision, LLC v. State Farm Mut. Auto. Ins. Co.*, Doc. 93 in Case No. 3:14-cv-06006 ("[I]n Pennsylvania, a representative of Progressive Defendants explained that body shops do not 'affect pricing;' rather, the insurance companies get together to determine rates and that new rates would likely be determined at a 'big meeting' that was scheduled in April 2015.").[3]

Because these allegations were available to Plaintiffs, they could have requested leave to amend their complaint to add the allegations at any time before dismissal. Defendants would likely have objected to attempts to amend this previously amended complaint yet again in 2016, but Plaintiffs offer nothing to justify their failure even to seek leave. "A district court's denial of reconsideration is especially soundly exercised when the party has failed to articulate any reason for the failure to raise an issue at an earlier stage in the litigation." *Lussier*, 904 F.2d at 667; *see also Classic Harvest LLC v. Freshworks LLC*, No. 1:15-CV-2988, 2015 WL 9593621, at *3 (N.D. Ga. Dec. 31, 2015) ("A motion for

---

[2] *See also* First Am. Compl. ¶ 151, *Brewer Body Shop, LLC v. State Farm Mut. Auto. Ins. Co.*, Doc. 85 in Case No. 6:14-cv-06002; Second Am. Compl. ¶ 125, *Alpine Straightening Sys. v. State Farm Mut. Auto. Ins. Co.*, Doc. 102 in Case No. 6:14-cv-06003.

[3] *See also* First Am. Compl. ¶ 233, *The Only One, Inc. v. State Farm Mut. Auto. Ins. Co.*, Doc. 42 in Case No. 6:14-cv-06009 (same); First Am. Compl. ¶ 231, *Alliance of Auto. Serv. Providers, Inc. v. State Farm Mut. Auto. Ins. Co.*, Doc. 109 in Case No. 6:14-cv-06008 (same).

5

reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented in the previously-filed motion."). Reconsideration cannot be granted on this ground.

Even if Plaintiffs had met their burden of demonstrating that this "evidence" was previously unavailable to them, the vague, conclusory allegations do not match Plaintiffs' mischaracterization in the motion for reconsideration and would not have prevented dismissal of their antitrust claims. The Court already rejected Plaintiffs' attempt to characterize "allegations" of vague statements by an unidentified employee of a defendant as an admission of a conspiracy, *see* Order at 17 n.11, *A&E Auto Body, Inc. v. 21st Century Centennial Ins. Co.*, Doc. 293 in Case No. 6:14-cv-00310, and the Court recently considered and rejected the similar allegations about the State Farm employee in its order dismissing the Tennessee plaintiffs' antitrust claims with prejudice. *See* Order at 12 n.5, *Brewer Body Shop, LLC*, Doc. 106 in Case No. 6:14-cv-06002.

As Defendants have explained in motions to dismiss other complaints in this MDL, the actual allegations here fail to provide "direct admissions of," Mot. at 2, ¶ 7—or plausibly suggest—any conspiracy. There is nothing connecting Plaintiffs' conclusions regarding the speculations and opinions of purported employees and vague allusions to insurance industry misconduct with the specific conspiracy alleged among the specific defendants in this case.[4] As such, these allegations do nothing to alter the ability of Plaintiffs' complaint to state a claim under the antitrust laws.

---

[4] *See* GEICO's Reply in Supp. of Mot. & Supporting Mem. to Dismiss Pls.' First Am. Compl. at 1-2, *Legends Collision, LLC*, Doc. 104 in Case No. 6:14-cv-06006; Moving Defs.' Reply in Further Supp. of Mot. to Dismiss Pls.' First Am. Compl. at 2-4, *id.*, Doc. 105; Consol. Reply in Supp. of Certain Defs.' Mots. to Dismiss Pls.' First Am. Compl. at 3-6, *The Only One, Inc.*, Doc. 55 in Case No. 6:14-cv-06009.

6

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Motion to Reconsider.

Dated: March 21, 2015						Respectfully submitted,

*/s/ Johanna W. Clark*
Johanna W. Clark
Florida Bar No. 196400
CARLTON FIELDS, P.A.
450 S. Orange Ave., Suite 500
Orlando, Florida 32801
Telephone: (407) 849-0300
Facsimile: (407) 648-9099
Email: jclark@carltonfields.com

Michael L. McCluggage
EIMER STAHL LLP
224 South Michigan Avenue, Suite 1100
Chicago, Illinois 60604
Telephone: (312) 660-7600
Facsimile: (312) 692-1718
E-mail: mmccluggage@eimerstahl.com

Michael P. Kenny
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: 404-881-7000
Facsimile: 404-881-7777
Email: mike.kenny@alston.com

*Counsel for Defendants State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company*

/s/ Michael E. Mumford
Ernest E. Vargo, *Admitted Pro Hac Vice*
evargo@bakerlaw.com
Michael E. Mumford, *Admitted Pro Hac Vice*
mmumford@bakerlaw.com
BAKERHOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114
Telephone: (216) 621-0200
Facsimile: (216) 696-0740

*Counsel for Defendant Safeco Insurance Company of Illinois*

/s/ Michael R. Nelson
Michael R. Nelson (NY Bar No. 4097572)
Kymberly Kochis (NY Bar No. 4045530)
Francis X. Nolan, IV (NY Bar No. 984277)
SUTHERLAND ASBILL & BRENNAN LLP
The Grace Building, 40th Floor
1114 Avenue of the Americas
New York, New York 10036
Phone: (212) 389-5000
Facsimile: (212) 389-5099
   michael.nelson@sutherland.com
   kymberly.kochis@sutherland.com
   frank.nolan@sutherland.com

Jeffrey S. Cashdan
Claire Carothers Oates
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Facsimile: (404) 472-5139
jcashdan@kslaw.com
coates@kslaw.com

*Counsel for Progressive Casualty Insurance Company and Progressive Gulf Insurance Company*

/s/ R. Bradley Best
R. Bradley Best (MS Bar# 10059)
HOLCOMB DUNBAR WATTS BEST
MASTERS & GOLMON, PA
P.O. Drawer 707
400 South Lamar, Suite A
Oxford, MS 38655
Tel: (662) 234-8775
Fax: (662) 238-7552
bradbest@holcombdunbar.com

*Counsel for Defendants Shelter General Insurance Company and Shelter Mutual Insurance Company*

/s/ Walker R. Gibson
Walker R. Gibson (MSB No. 100051)
COPELAND, COOK, TAYLOR AND BUSH, P.A.
600 Concourse, Suite 100
1076 Highland Colony Parkway
Ridgeland, MS 39157
Tel.: 601/856-7200
Fax: 601/856-7626
Email: wgibson@cctb.com

*Counsel for Mississippi Farm Bureau Casualty Insurance Company and Direct General Insurance Company of Mississippi*

/s/ Hal K. Litchford
Hal K. Litchford (Fla. Bar No. 272485)
Kyle A. Diamantas (Fla. Bar No. 106916)
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
SunTrust Center
200 South Orange Avenue
Post Office Box 1549
Orlando, Florida 32802
Telephone: (407) 422-6600
Facsimile: (407) 841-0325
Email: hlitchford@bakerdonelson.com
Email: kdiamantas@bakerdonelson.com

9

*-and-*

Amelia W. Koch *(admitted pro hac vice)*
Steven F. Griffith, Jr. *(admitted pro hac vice)*
**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana  70170
Telephone:  (504) 566-5200
Facsimile:  (504) 636-4000
Email:  akoch@bakerdonelson.com
Email:  sgriffith@bakerdonelson.com

*Counsel for Defendants, USAA Casualty Insurance Company and United Services Automobile Association*

*/s/ Richard L. Fenton*_____
Richard L. Fenton
Mark L. Hanover
Dentons US LLP
233 South Wacker Drive, Suite 5900
Chicago, Illinois 60606
Telephone: (312) 876-8000
Facsimile: (312) 876-7934
E-mail: richard.fenton@dentons.com
E-mail: mark.hanover@dentons.com

Bonnie Lau
Dentons US LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300
E-mail: bonnie.lau@dentons.com

Lori J. Caldwell
Florida Bar No. 0268674
Rumberger, Kirk & Caldwell, P.A.
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
Telephone: (407) 872-7300

Facsimile: (407) 841-2133
E-mail: lcaldwell@rumberger.com

*Attorneys for Defendants Allstate Property and Casualty Company and Allstate Insurance Company*

11

105724680.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of March, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

*/s/ Johanna W. Clark*_____
Johanna W. Clark