**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

CAPITOL BODY SHOP, INC., *et al.*,

                Plaintiffs,

v.

STATE FARM MUTUAL AUTO INSURANCE
COMPANY, *et al.*,

                Defendants.

**Case No. 6:14-MD-02557-GAP-TBS**

**RE: No. 6:14-CV-06000-GAP-TBS**

## GEICO GENERAL INSURANCE COMPANY AND GEICO INDEMNITY COMPANY'S MOTION FOR ATTORNEYS' FEES

A mere three months after judgment was entered against them on their tortious interference with business relations, *quantum meruit* and Mississippi Code § 83-11-501 claims in *Mosley v. GEICO Insurance Company*, Plaintiffs Clinton Body Shop, Inc. and Clinton Body Shop of Richland, Inc. (collectively, "CBS"), with the same counsel, re-alleged these same claims against GEICO General Insurance Company and GEICO Indemnity Company (collectively, "GEICO") in their Second Amended Complaint ("SAC"). *See Mosley v. GEICO Insurance Company*, No. 3:13CV161-LG-JCG, 2014 WL 7882149 (S.D. Miss. Dec. 16, 2014) (Memorandum Opinion and Order) ("*Mosley*"); Doc. 87, Second Amended Complaint ("SAC"), filed March 21, 2015, at pp. 96-101 (Counts 3, 4 and 5). CBS and its counsel knew these claims were barred by the doctrine of *res judicata*, yet re-alleged the claims in a different jurisdiction in a wrongful attempt to secure a lateral appeal and harass GEICO. CBS and its counsel's pursuit of Counts 3, 4 and 5 in their SAC was in bad faith, unreasonable and vexatious.[1]

CBS's conduct forced GEICO to file a Motion to Dismiss Counts 3, 4 and 5 and supporting Reply.[2] As expected, Judge Smith and this Court confirmed CBS is barred from pursuing Counts 3, 4 and 5 by the doctrine of *res judicata*.[3] CBS's pursuit of these claims unnecessarily expanded the litigation and wasted this Court's resources.

GEICO moves this Court for an award of attorneys' fees incurred in defending against Counts 3, 4 and 5 in the estimated amount of **$30,298**[4] against CBS and its attorneys, jointly and severally, pursuant to 28 U.S.C. § 1927 and this Court's inherent power. *See* 28 U.S.C. § 1927 ("§ 1927") (attorney who unreasonably and vexatiously multiplies proceedings required to pay

---

[1] By seeking fees only from CBS related to the filing of Counts 3, 4 and 5, GEICO does not concede that the other Plaintiffs in this case had any basis to file their claims or that CBS's other actions and the other Plaintiffs' actions were not undertaken in bad faith, unreasonable and vexatious. Instead, GEICO seeks the fees it incurred to defend against the most egregious instance of bad faith, unreasonable and vexatious conduct by these Plaintiffs.

[2] Doc. 94, GEICO's Motion to Dismiss Counts 3, 4 and 5 ("MTD Counts 3-5"); Doc. 102, GEICO's Reply In Support of Motion to Dismiss Counts 3, 4 and 5 ("Reply").

[3] Doc. 115, Report and Recommendation ("R&R"), at 19-24 (Counts 3, 4 and 5 are barred under the doctrine of claim preclusion); Doc. 130, May 27, 2016, Order ("Order"), at 8 (the Court sees no basis for rejecting the R&R regarding claim preclusion).

[4] The fees associated with this motion and any reply in support of this motion are estimated at this time and will be supplemented when the briefing on this motion is complete. *See* Fed. R. Civ. P. 54(d) (permitting a motion to include a "fair estimate" of the amount sought).

fees); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (federal courts have inherent power to "assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons") (internal citations omitted).

This Motion is supported by the following Memorandum of Points and Authorities, the Declaration of Dan Goldfine, the Itemized Statement of Attorneys' Fees and the entire record before this Court. *See* Exhibit A, Declaration of Dan W. Goldfine dated June 10, 2016 ("Goldfine Decl."); Exhibit B, Itemized Statement of Attorneys' Fees.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. COUNTS 3, 4 AND 5 ARE BARRED BY *RES JUDICATA*

On December 16, 2014, the United States District Court for the Southern District of Mississippi awarded GEICO summary judgment on CBS's tortious interference with business relations, unjust enrichment (*quantum meruit*) and breach of MISS. CODE ANN. § 83-11-501 claims. *Mosley*, 2014 WL 7882149. In spite of these claims being litigated and decided in *Mosley*, and CBS being represented by the same counsel in this case as in *Mosley*, on March 21, 2015, CBS and its counsel filed the same claims against GEICO in their SAC.[5] *See* Doc. 87, SAC at 96-101.

As a result, GEICO was forced to move the Court to dismiss the precluded Counts 3, 4 and 5. *Compare* Doc. 87, SAC at 96-101 (claiming tortious interference with business relations, *quantum meruit* and breach of MISS. CODE ANN. § 83-11-501) *with Mosley,* 2014 WL 7882149 (awarding summary judgment to GEICO on CBS's claims for tortious interference with business relations, unjust enrichment (*quantum meruit*) and breach of MISS. CODE ANN. § 83-11-501); *see also* Doc. 94, MTD Counts 3-5 (seeking dismissal of Counts 3-5 on basis of claim and issue preclusion); Doc. 102, Reply (same).

---

[5] Plaintiffs were represented in the *Mosley* action by John Arthur Eaves, Jr., Allison P. Fry, John Arthur Eaves, Attorneys at Law, Jackson, MS. *See Mosley*, 2014 WL 7882149. The SAC here was signed by the same law firm: John Arthur Eaves, Jr., Allison P. Fry and William R. Sevier of John Arthur Eaves, Attorneys at Law, Jackson, MS. *See* Doc. 87, SAC at 103.

Judge Smith held that Counts 3, 4 and 5 involved identical claims to those litigated and decided in GEICO's favor in *Mosley* and recommended dismissal of these claims with prejudice because they were barred by claim preclusion. Doc. 115, R&R at 19-24. Beyond recognizing Counts 3, 4 and 5 had already been litigated and decided in *Mosley*, Judge Smith confirmed the *Mosley* decision applied to the GEICO entities named in this case. *See* Doc. 115, R&R at 21.[6]

Although CBS objected to some of Judge Smith's recommendations, CBS did not object to Judge Smith's recommendation that Counts 3, 4 and 5 against GEICO be dismissed with prejudice because they were barred by claim preclusion. *See* Doc. 125; 11th Cir. R. 3-1 ("A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation . . . waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions . . . .").

In adopting Judge Smith's R&R, the Court found no basis to reject the recommendation to dismiss CBS's Counts 3, 4 and 5 against GEICO with prejudice because they were barred by claim preclusion, but noted that the claim preclusion point was moot because Counts 3, 4 and 5 were already being dismissed with prejudice on other grounds. *See* Doc. 130, Order at 8.[7]

## II. FEDERAL COURTS MAY ASSESS ATTORNEYS' FEES UNDER 28 U.S.C. § 1927 OR PURSUANT TO THEIR INHERENT POWER WHEN A PARTY HAS ACTED IN BAD FAITH, VEXATIOUSLY OR WANTONLY

Federal courts may assess attorneys' fees against counsel pursuant to 28 U.S.C. § 1927: "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Under § 1927, conduct is sanctionable if it is

---

[6] Judge Smith relied on language from *Mosley* noting that, while plaintiffs named "GEICO Insurance Company" (an entity that does not exist) as a defendant, the GEICO entities licensed to do business in Mississippi, including the ones named here, responded to the *Mosley* complaint and the *Mosley* judgment specifically applied to those entities. *See* Doc. 115, R&R at 21 (citing *Mosley*, 2014 WL 7882149 at *1, n.1). CBS and its counsel (the same counsel as here) never contested this in *Mosley* and it strains credulity to ask this Court to believe that had CBS prevailed in *Mosley* it would not have tried to collect a judgment from these entities.

[7] GEICO was forced to file its Motion to Dismiss Counts 3-5 to specifically address claim and issue preclusion in addition to its Motion to Dismiss all claims, as GEICO had no way of knowing at the time the motions were filed whether any of the claims at issue would be dismissed against Plaintiffs for reasons other than claim preclusion. *See* Doc. 94, GEICO's MTD Counts 3-5 (seeking dismissal of Counts 3, 4 and 5 on the basis of claim and issue preclusion); Doc. 92, GEICO's Motion to Dismiss (seeking dismissal of ***all*** claims in the SAC on the basis of failure to state a claim upon which relief could be granted).

unreasonable, vexatious, and "results in proceedings that would not have been conducted otherwise." *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997).

"It is especially appropriate to impose sanctions in situations where the doctrines of *res judicata* and collateral estoppel plainly preclude relitigation of the suit . . . [as] [t]he imposition of sanctions is one of the few options available to a court to deter and punish people who relitigate cases hopelessly foreclosed." *McLaughlin v. Bradlee*, 602 F. Supp. 1412, 1417 (D.D.C. 1985), *aff'd,* 803 F.2d 1197 (D.C. Cir. 1986); *see also Catz v. Chalker*, CIV 03-91-TUCFRZ, 2007 WL 3171383, at *7 (D. Ariz. Oct. 26, 2007) (plaintiffs could not have been surprised that their claims were precluded by previous litigation and their pursuit of "**clearly barred claims**" supported a 28 U.S.C. § 1927 sanction) (emphasis added).

What courts deem to be "unreasonable" or "vexatious" conduct is "tantamount to bad faith," and turns on the attorney's objective conduct. *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1282 (11th Cir. 2010) ("objectively reckless conduct is enough to warrant sanctions even if the attorney does not act knowingly and malevolently") (internal citations omitted). The court "compare[s] the conduct at issue with how a reasonable attorney would have acted under the circumstances." *Id.* While "[a] determination of whether an attorney's conduct was objectively reckless, or tantamount to bad faith, may be aided by an examination of the attorney's state of mind," "[s]ubjective good faith ought not to be an infinitely expansive safe harbor to protect an attorney who brings an action that a competent attorney could not under any conceivable justification reasonably believe not frivolous." *Id.* at 1284 (internal citations omitted); *see also Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1241 (11th Cir. 2007) ("objectively reckless conduct is enough to warrant sanctions even if the attorney does not act knowingly and malevolently").

Federal courts also have inherent power to "assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers*, 501 U.S. at 45-46 (internal citations omitted). In exercising its inherent power, the Court may sanction the client or the attorney. *Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001), *abrogated on other*

grounds by *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008);[8] *see also Sharrow v. Fish*, 501 F. Supp. 202, 205 (S.D.N.Y. 1980), *aff'd,* 659 F.2d 1062 (2d Cir. 1981) (holding plaintiff asserting already rejected claim acted in bad faith and awarding defendant reasonable attorneys' fees).

### III. GEICO SHOULD BE AWARDED ITS ATTORNEYS' FEES BECAUSE CBS AND ITS COUNSEL ACTED UNREASONABLY, IN BAD FAITH AND VEXATIOUSLY BY FILING AND PURSUING COUNTS 3, 4 AND 5

From an objective standpoint, any reasonable attorney or claimant would have known what is one of the most fundamental principles of our legal system: that a claim or issue, once litigated to a final adjudication, cannot be relitigated. *See* Doc. 115, R&R at 20 (citing *CSX Transp., Inc. v. Brotherhood of Maintenance of Way Employees*, 327 F.3d 1309, 1316 (11th Cir. 2003) ("federal preclusion principles apply to prior federal decisions" and "[c]ollateral estoppel or issue preclusion forecloses relitigation of an issue of fact or law that has been litigated and decided in a prior suit")).[9] CBS and their attorneys' re-filing of the same claims they lost to GEICO three months earlier in another case is automatically bad faith, warranting sanctions. *See, e.g.*, *McLaughlin*, 602 F. Supp. at 1417 (D.D.C. 1985), *aff'd,* 803 F.2d 1197 (D.C. Cir. 1986) (pursing frivolous claims and attempting to relitigate claims that are hopelessly foreclosed is in bad faith, vexatious, wanton and oppressive); *Amlong*, 500 F.3d at 1241 ("objectively reckless conduct is enough to warrant sanctions even if the attorney does not act knowingly and malevolently").

CBS and its attorneys attempted to secure what would have amounted to a lateral appeal by bringing the same claims against GEICO in this case three months after GEICO prevailed on those claims in *Mosley*. CBS's attempt to circumvent the *res judicata* effect of the judgment

---

[8] The Court retains its inherent power to sanction a party even if there is a statute or rule otherwise available under which the Court could sanction the party. *Chambers*, 501 U.S. at 46. A court's inherent power to sanction "is both broader and narrower than other means of imposing sanctions" and neither § 1927 nor the Federal Rules of Civil Procedure displace a court's inherent power. *Id.* at 42-43, 46.

[9] Although federal *res judicata* principles control this action, the result would be the same under Mississippi law because Mississippi's standard essentially mirrors the federal approach. *See, e.g.*, *Fason v. Trussell Enterps., Inc.*, 120 So. 2d 454, 459-61 (Miss. App. 2013) (noting Mississippi, like federal courts, applies the "transactional test" for the sameness of claims element of claim preclusion).

against them is contrary to the underlying public policy and fundamental principles of justice underlying the doctrine itself, and our court system at large. *See, e.g.*, *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981) ("The doctrine of res judicata serves vital public interest beyond any individual judge's ad hoc determination of the equities in a particular case. There is simply no principle of law or equity which sanctions the rejection by a federal court of the salutary principle of *res judicata*.") (internal citations omitted).

Knowing they had asserted claims doomed from the start, CBS stood on their barred allegations and forced GEICO to seek dismissal of Counts 3, 4 and 5 through motion practice. CBS and its attorneys indisputably pursued these claims vexatiously and in bad faith, unnecessarily expanded the litigation, and wasted the Court's resources. Just as in *Catz*, where the preclusion of claims by previous litigation could not have been a surprise to plaintiffs and the plaintiffs' pursuit of the clearly barred claims supported an award of attorneys' fees to the defendants, GEICO is entitled to its attorneys' fees from CBS and its counsel for its defense of claims that were barred by the dismissal of those claims in *Mosley*. *See Catz*, 2007 WL 3171383, at *7.

## IV. GEICO'S REQUESTED FEES ARE REASONABLE AND APPROPRIATE

GEICO is entitled to recover its reasonable fees expended in defending against the unreasonable conduct Plaintiffs undertook in bad faith, vexatiously or wantonly. *See*, *e.g.*, *Rodriguez v. Marble Care Int'l, Inc.*, 863 F. Supp. 2d 1168, 1185 (S.D. Fla. 2012) (awarding fees incurred after the plaintiff should have known the claim lacked merit); *Murray*, 548 F. Supp. 2d at 1383 (same). "The starting point to determine an objective estimate of the value of professional services is to calculate the lodestar amount – by multiplying a reasonable hourly rate by the number of hours reasonably expended." *Rodriguez*, 863 F. Supp. 2d at 1185.

GEICO's requested fees are derived from actual fees billed by its attorneys and an estimate of the remaining fees GEICO anticipates incurring in filing this motion and a reply in support of this motion. Goldfine Decl. ¶¶ 2, 3, 5. GEICO's counsel reviewed fees actually billed and removed any time entries that were redundant or unrelated to the defense of CBS's

Counts 3, 4 and 5 in the SAC. Goldfine Decl. ¶ 4.

GEICO incurred fees for its attorneys' analysis of Counts 3, 4 and 5, including preparation of the Motion to Dismiss Counts 3, 4 and 5 and Reply. Goldfine Decl. ¶ 2. GEICO incurred fees totaling $20,298 for 75.1 hours of attorney time, not including the additional briefing related to this motion. Goldfine Decl. ¶ 2. GEICO estimates it will incur an additional $10,000 in fees and will file a supplement with the Court when the briefing is complete. Goldfine Decl. ¶ 5. The rates GEICO was charged are reasonable given GEICO's attorneys' level of skill and experience. Goldfine Decl. ¶ 3. GEICO requests a total estimated fee award of **$30,298**.

The fees requested by GEICO are reasonable and were actually incurred.

## V. CONCLUSION

CBS and its counsel knew Counts 3, 4 and 5 were barred by the doctrine of *res judicata*, yet brought the claims anyway. CBS and its attorneys' actions were taken in bad faith, unreasonable, vexatious and wanton. GEICO respectfully requests the Court, under 28 U.S.C. § 1927 and the Court's inherent power, award GEICO its attorneys' fees incurred in defending against Counts 3, 4 and 5 in the SAC against CBS and its counsel, jointly and severally.

### Local Rule 3.01(g) Certification

GEICO's counsel, Ian Fischer, conferred with Plaintiffs' Counsel, Allison Fry, before filing this Motion and the parties have been unable to agree on resolution of the Motion.

DATED this 10th day of June, 2016.

-8-

LEWIS ROCA ROTHGERBER CHRISTIE LLP


By: */s/ Dan. W. Goldfine*
    Dan W. Goldfine
    Joshua Grabel
    Jamie L. Halavais
    Ian M. Fischer
    201 E. Washington Street, Suite 1200
    Phoenix, Arizona 85004
    Telephone: 602-262-5392
    Facsimile: 602-262-5747
    Email: dgoldfine@lrrc.com
           jgrabel@lrrc.com
           jhalavais@lrrc.com
           ifischer@lrrc.com

    Attorneys for Defendants GEICO General Insurance Company and GEICO Indemnity Company

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 10th day of June, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

                                                                           */s/ Dan W. Goldfine*
                                                                           Dan W. Goldfine