**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CAPITOL BODY SHOP, INC., et al.,**

    **Plaintiffs,**

v.                                                                                                          **Case No: MDL 2557**
                                                                                                **6:14-cv-6000-Orl-31TBS (Mississippi)**

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY, et al,**

    **Defendants.**

## ORDER

This case is before the Court following remand from the Eleventh Circuit Court of Appeals (Doc. 141). Pending before the Court is a motion filed by Plaintiffs Clinton Body Shop, Inc., and Clinton Body Shop of Richland, Inc. (collectively, "CBS" or "Plaintiffs") and their counsel (Doc. 136) to reconsider a sanctions order entered against them on July 19, 2016 (Doc. 134). That order granted Defendants GEICO General Insurance Company and GEICO Indemnity Company's (collectively, "GEICO") Motion for Attorneys' Fees (Doc. 131) under 28 U.S.C. § 1927. GEICO opposes the motion for reconsideration (Doc. 137). Plaintiffs filed a Reply (Doc. 138).

In its motion for attorney fees, GEICO asserted that Counts 3, 4, and 5 in Plaintiffs' Second Amended Complaint (Doc. 87) were filed in bad faith because judgment had been entered against CBS on these same claims in *Mosley v. GEICO Insurance Company*, No. 3:13-cv-161-LG-JCG, 2014 WL 7882149 (S.D. Miss. Dec. 16, 2014)[1]. Thus, GEICO claimed that CBS and their counsel knew that their claims in this case were barred by *res judicata*. In his Report and

---

[1] Plaintiffs' counsel were the same in both cases.

Recommendation, United States Magistrate Judge Thomas B. Smith recommended that Counts 3, 4, and 5 against GEICO be dismissed with prejudice because they were barred by claim preclusion. Doc. 115 at 19-24.   Plaintiffs did not object to that portion of Judge Smith's recommendation, and this Court found no basis to reject that recommendation. Doc. 130 at 8.

Having been required to defend these claims, GEICO sought to recover its attorneys' fees under 28 U.S.C. § 1927.   Neither Plaintiffs nor their counsel responded to GEICO's motion, perhaps because they had no good faith basis to do so.   Accordingly, finding the motion to be meritorious, the Court granted the motion and awarded attorney fees to GEICO in an amount to be determined by the Court. Doc. 134.   The order further provided that Plaintiffs could oppose the reasonableness of GEICO's fee request and that the Court would conduct an evidentiary hearing on the matter if Plaintiffs wanted one.   In accordance with the order, GEICO filed its specific fee request in the amount of $39,773, plus any additional fees required to finalize this award. Doc. 135. Plaintiffs did not specifically oppose the amount sought by GEICO.   Instead, they filed the instant Motion to Reconsider.

At the outset, it should be noted that reconsideration "is an extraordinary remedy to be employed sparingly." *Lamar Advert. of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480, 489 (M.D. Fla. 1999). It should not be used to relitigate old matters or raise new legal arguments which should have been made in connection with the underlying motion. *United States. v. Bailey*, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003)).   In effect, Plaintiffs are attempting to use reconsideration here to advance arguments they should have made in response to GEICO's motion.   Yet, even here, Plaintiffs fail to address or explain their sanctionable conduct.

In their motion, Plaintiffs and their counsel incorrectly state that the Court elected *sua sponte* to sanction Plaintiffs' counsel for failing to file a response in opposition to GEICO's

motion. To the contrary, the Court granted GEICO's motion because it was meritorious. Next, Plaintiffs argue that before § 1927 sanctions can be imposed, the Court must make a determination of bad faith and provide Plaintiffs with due process. In its order, the Court implicitly made a finding of bad faith. And if it is not clear by now, the Court finds that Counts 3, 4, and 5 of the Second Amended Complaint were filed in bad faith and vexatiously, because these same lawyers representing these same clients asserted the same claims against the same defendants in a prior action, which they lost. Filing a lawsuit clearly barred by the doctrine of *res judicata* is the epitome of bad faith *See*, *e.g.*, *McLaughlin v. Bradlee*, 602 F. Supp. 1412, 1417(D.D.C. 1985), *aff'd*, 803 F.2d 1197 (D.C. Cir. 1986). Finally, from a due process standpoint, Plaintiffs were given ample opportunity to oppose GEICO's motion and its fee application. Plaintiffs chose to oppose neither one.

It is, therefore,

**ORDERED** that Plaintiffs' Motion to Reconsider (Doc. 136) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 13, 2020.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party